[No. 1099, March 2, 1906.]

EL CAPITAN LAND & CATTLE COMPANY OF NEW MEXICO, Plaintiff in Error, v. E. H. LEES, Defendant in Error.

### SYLLABUS.

1 JUDGMENT— FOREIGN JUDGMENT— EFFECT— ERRORS.

Where a judgment was recovered in another state against a corporation by an erroneous name, and the complaint in an action on the judgment in this Territory contains an allegation that the corporation sued in this case is the identical one sued and against which the judgment was obtained in the other state, such misnomer is no defense to the action, and could only be taken advantage of by a plea in abatement in the suit in which the first judgment was recovered.

2 SAME—FRAUD.

In an action on a judgment of a sister state defendant cannot collaterally attack the judgment on the ground of

fraud, alleged to consist in the false and perjured testimony of plaintiff's witnesses, and it is immaterial that the alleged fraud was not discovered until long after the judgment by reason of the death of the treasurer of defendant corporation, who had made a settlement with plaintiff.

(Ed. Note.—For cases in point, see Vol. 30, Cent. Dig. Judgment, Sec. 1486.)

3. SAME.

Code Civ. Proc. Kan. Sec. 575, permitting a direct attack upon a judgment within two years after the rendition thereof does not entitle the judgment debtor, when sued on the judgment in this Territory to avail himself of the defense of fraud alleged to consist in perjured testimony.

Error from the district court of Lincoln county before EDWARD A. MANN, and WM. H. POPE, Associate Justices. Affirmed.

GEO. W. PRICHARD, for plaintiff in error.

The defendant in an action at law may plead an equitable defense.

>Sec. 507, Code of Civil Procedure of New York; Sub-Section 41 of Art. 4 of Code of Procedure, New Mexico; Dobson v. Pearce, 12 N. Y. 156 at p. 164; Bank of China v. Morse, 44 App. Div. 435, N. Y.; Madison v. Benedict, 73 App. Div. 112, N. Y.; Wendling v. Pierce, 27, App. Div. 517; McGean v. The Metropolitan Elevated Ry. Co. 133 N. Y. 9; Dada v. Piper, 41 Hun. 254, p. 255.

The power of a court of equity to set aside and avoid judgments, when procured by fraud or perjury, is undoubted.

>N. Y. C. R. R. v. Harold, 65 How. 89; Huggins v. King, 7 Barb. 616; Dobson v. Pearce, 12 N. Y. 156; Story Eq. Jur. Sec. 252.

In an action upon a judgment the defense may be interposed that the judgment was obtained by fraud.

>State of Michigan v. Phoenix Bank of the City of New York, 33 N. Y. 1, at page 25;

El Capitan L. & C. Co. v. Lees.

Gray v. Richmonds Bicycle Company, 167 N. Y. 348-359,; Mandeville v. Reynolds 68 N. Y. 528 at page 543; Ward v. Town of Southfield, 10 N. Y. 287; Warren Mfg. Co. v. Aetna Ins. Co. 29 Fed. Cases, 295; Kinnier v. Kinnier, 45 N. Y. 535 at p. 542; Ward v. Qunlivin, 57 Mo., 425.

The defense of fraud in obtaining a judgment may be made by plea in a court of law in an action upon a judgment from another state.

Coffee v. Neely, 49 Tenn. 304; Lozier v. Westcott, 26 N. Y. 146 at p. 153; Richardson v. Trimble, 38 Hun. 409.

In a demurrer, not only the allegations of the complaint, but the reasonable intendment thereof must be considered as admitted by the demurrer.

Davis v. Conue, 151 N. Y. 17, at p 178; Douglas v. Coonley, 156 N. Y., 521-528; Schlesinger v. Burland, 42 Misc. 206-208; Vinal v. Continental Construction Co., 53 Hun. 274-251; Galbraith v. Daily, 37 Misc. 156-158; Hale v. Omaha Bank, 49 N. Y. 626; Dallas County v. McKenzie, 94 U. S. 660; Fletcher v. Jones, 64 Hun. 274.

GEO. B. BARBER. VANDERVEER & MARTIN. for defendants in error.

A verbal misnomer in the name of a party to a suit does not render a judgment void.

1 Freeman on Judgments, 274; Union Trust Co. of N. Y. v. Atchison, Topeka & Santa Fe Ry. Co., 42 Pac. 89; Lafayette Ins. Co. v. Maynard, 18 How. 341; Wilson & Co. v. Baker, 2 N. W. 481; Pape v. Capital Bank, 20 Kan. 440; Minot v. Curtis, 7 Mass. 441; Walrath v. Campbell, 28 Mich. 111; 7 Am. & Eng. Ency. of Law (2nd Ed.) 687: School Dist. v. Griner, 8 Kas. 224.

The error of misnomer must be attacked in the pleadings.

1 Chitty Pl. 457; Gilbert v. Nantucket

El Capitan L. & C. Co. v. Lees.

Bank, 5 Mass. 97; Com. v. Dedham, 16 Mass. 141; Trustees of M. E. Church v. Tryon, 1 Denio, 451; Gray v. Monongahela Nov. Co. 2 Watts & Serg. 156; Hoffield v. Board of Education, 33 Kas. 644; Angel and Ames on Corporations, 11th Ed., Secs. 650, 651; Insurance Co. v. French, 59 U. S. 404; Bank v. Jaggers, 31 Md. 38; Bank v. Eyer, 60 Pa. St. 436; Freeman on Judgments, Sec. 154; Sherman v. Proprietors Connecticut River Bridge, 11 Mass. 338; Guinard v. Heysinger, 15 Ill. 288.

A defendant who has answered in the name by which he is sued cannot take advantage of the misnomer.

McCreery v. Everding, 54 Cal. 168; Davis v. Taylor, 41 Ill. 405; First Baptist Society v. Robinson, 21 N. Y. 234.

An action to vacate a judgment for fraud cannot be prosecuted after two years.

Sanford v. Weeks, 50 Kansas, 839; Freeman on Judgments, (4th Ed.) Sec. 289; Hillsboro v. Nichols, 46, N. H. 379; Engstrom v. Shermorn, 137 Mass. 153; Phillips on Evidence, Note 265; Dunlap v. Glidden, 31 Me. 435; Cunningham v. Brown, 46 Am. Dec. 140; Smith v. Lewis, 3 Johns, 157; Freeman on Judgments, Secs. 475-466 and 489; Pico v. Cohn, 25 Pac. (Cal.) 970; U. S. v. Throckmorton, 98 U. S. 65, 66; Burpee v. Smith Walk, Chan. 327; Cattle v. Cole and Cole, 20 Iowa, 481; Snow v. Mitchell, 37 Kan. 636; Zellerbach v. Allenberg, 7 Pac. 908; Wells on Res Adjudicata, 499; Pearce v. Olney, 22 Conn. 544; Wierich v. DeZoya, 7 Ill. 385; Kent v. Richards, 3 Md. Chancery 392; Smith v. Lowry, 1 Johns (N. Y.) Ch. 320; De Lewis v. Meek et al., 2 Iowa, 55.

## STATEMENT OF FACTS.

This is a suit upon a judgment recovered by the defendant in error against the plaintiff in error in the name of El Capitan Land & Cattle Company, for the sum of

El Capitan L. & C. Co. v. Lees.

twenty-four hundred and forty-two ($2,442.00) dollars. This judgment was recovered in the district court in and for the county of Reno, in the state of Kansas, on the 9th day of April, 1901, and was afterwards affirmed by the supreme court of that state.

The complaint, to which is attached, as "Exhibit A," an exemplification of the judgment roll of the courts of the state of Kansas, containing all of the proceedings in the courts of that state relating to the recovery of said judgment, was filed in the district court of Lincoln county, New Mexico, September 18th, 1903. A demurrer was interposed by the plaintiff in error, upon the ground that the Kansas judgment was a nullity for the reason that the complaint disclosed the fact that the judgment was not rendered against the defendant in the lower court, plaintiff in error here. The demurrer was overruled by the court June 30th, 1904, with leave to answer within thirty days. The plaintiff in error filed its answer in the court below, July 21st, 1904, to which answer, the defendant in error interposed a demurrer, denying the sufficiency of the answer in that it fails to set up a counter claim or defense in law.

The county of Lincoln having been transferred from the fifth to the sixth judicial district the demurrer was heard by Associate Justice Mann, presiding judge of the Sixth Judicial District, and, on the 12th day of December, 1904, the demurrer was sustained by the court, and 20 days were allowed for the amendment of the answer. The plaintiff in error elected to stand by its answer, judgment was rendered for the defendant in error for twenty-seven hundred and thirty-three 81-100 ($2,733.81) dollars, the balance found due.

## OPINION OF THE COURT.

M'FIE, J.—The first and second assignments of error are based upon the first six paragraphs of the answer which seeks to set up a misnomer in the Kansas case, as a defense in the present suit.

The plaintiff in error denies that the Kansas judgment was rendered against it, because that judgment was rendered against the "El Capitan Land & Cattle Com-

pany" instead of the "El Capitan Land & Cattle Company of New Mexico."

The complaint in the present case contains an allegation that the corporation sued in this case is the identical one sued and against which the judgment was obtained in the Kansas court, therefore, the case of the Lafayette Ins. Co., v. French, 18 How. 404, a leading case upon this subject, seems to be decisive of these assignments of error. In that case the court said:

"If the judgment was recovered in Ohio against the company by an erroneous name but the suit upon the judgment was brought in Indiana against the company using its charter name correctly, accompanied by an averment that it was the same company, this mistake is no ground of error; it could only be taken advantage of by a plea in abatement in the suit in which the first judgment was recovered."

This matter was considered by Mr. Justice Pope of the Fifth Judicial District upon demurrer to the complaint. The court held, that there was no plea in abatement interposed in the Kansas court so as to take the case out of the purview of the case above referred to and therefore overruled the demurrer. In sustaining the demurrer to the answer, the court below, Mr. Justice Mann, concurred in the views expressed by Mr. Justice Pope, upon this branch of the case, and upon the authority, also of the case of the Lafayette Ins. Co., v. French, *supra.,* the ruling of the court below, was correct, as this issue could only be raised in the Kansas court. 1 Freeman on Judgments, (4th Ed.) 279; Wilson & Co., v. Baker, 2 N. W. 481; Pope v. Capital Bank, 20 Kan., 440; Minot v. Curtis, 7 Mass., 441; Walrath v. Campbell, 28th Mich. 111; McCrary v. Everding, 54 Cal. 168.

The remaining three assignments of error may be considered together as they relate to the subject of the remaining paragraphs of the answer, which are, that the judgment in the Kansas court, was obtained by fraud.

The answer substantially alleges that the account sued on in the Kansas court, and upon which judgment was rendered, was assigned to the defendant in error by one

J. M. Hockett; that prior to the assignment the company had fully "settled, liquidated and discharged all the indebtedness owing by the defendant to said Hockett * * * including in said settlement the items of said account for twenty-four hundred and forty ($2,440.00) dollars. It is. further alleged, that upon the trial of the cause in the Kansas court, Hockett, testified falsely to the correctness of the account, and that at the time Hockett so testified both he and the defendant in error, Lees, knew that all of that portion of the account of date prior to March 1st, 1899, had been fully settled and liquidated, and that, to that extent, the testimony of Hockett was false. It is further alleged, that this settlement was made by the treasurer of the company, and Hockett, and that the company had no knowledge thereof until long after the trial and judgment in the Kansas court, by reason of the death of said treasurer.

Counsel for plaintiff in error contends, *first,* that an equitable defense may be interposed in an action at law; and, *second,* that the defense of fraud may be set up in an action upon a foreign judgment.

These propositions of law, may be conceded to be correct, in a proper case, but the question still remains, whether, or not the case at bar, is one in which the relief sought can be granted, upon the facts above stated.

The plaintiff in error seeks to attack collaterally the judgment of a sister state upon the ground of fraud which is alleged to consist in the false and perjured testimony of the witness Hockett.

Black on Judgments Vol. 1, Sec. 296, lays down the following rule:

"It is the unquestioned doctrine of the courts that a party to a judgment cannot impeach it collaterally on the ground that false testimony was given at the trial, on which testimony the judgment was rendered," Citing Dilling v. Murry, 6 Ind. 324; Fisk v. Miller, 20 Tex. 579; The Acorn, 2nd Abb. (U. S.) 434; Green v. Green, 2 Gray, 361.

The case of the United States v. Throckmorton, is directly in point and seems to be conclusive here. In this case a patent for lands was sought to be set aside upon the

ground that it had been obtained upon false testimony and a false and forged certificate. The court, in affirming a decree of the district court sustaining a demurrer to the bill, and after citing several cases in point, said:

"We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter upon which the decree was rendered. That the mischief of retrying every case in which judgment or decree rendered on false testimony, given by perjured witnesses * * * would be greater by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases." The learned Justice (Miller) in the case above refererd to quotes with approval the language of the court in Green v. Green, 2 Gray (Mass.) 361, in which he says: "The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. *But where the same matter has been actually tried, or so in issue that it might have been tried, it is not again admissible;* the party is estopped to set up such fraud, because the judgment is the highest evidence and cannot be contradicted."

It will be observed, that it is not every kind of fraud which constitutes an equitable defense to a suit upon such a judgment, but only such frauds as are "extrinsic or collateral to the matter tried by the first court."

Fraud, in relation to the matter actually tried or so in issue that it might have been tried, is not available as a defense to such a judgment: As to such fraud, the case above referred to, holds, that "the party is estopped to set up such fraud, because the judgment is the highest evidence and cannot be contradicted." Vance vs. Burbank, 101 U. S. 42; Steele v. Smelting Co., 106 U. S. 463; Marshal v. Holmes, 141 U. S. 589; Voorhees v. Bank of the United States, 10 Pet. 449; Christmas v. Russell, 5 Wall. 305; Stewart v. Maxwell, 1 N. M., 563;

Freeman on Judgments, (4th Ed.) Sec. 289; Engstrom v. Sherborn, 137 Mass. 153; Pico v. Cohn, 25 Pac. 537; Gray v. Barton, (Mich.) 28 N. W. 817; In re Griffith, 84 Cal. 107.

Bearing in mind the law as declared by the authorities above cited, it is clear that the fraud alleged in the answer is not such fraud as would constitute an available defense to the judgment sued on. If Hockett's testimony was false, even to the extent of perjury, it is evident that it was concerning a matter either actually tried or which might have been tried in the action in the Kansas court. In fact, it appears, that the judgment was rendered upon the testimony given by Hockett as to the correctness of the account—which is alleged to have been false—and hence the fraud alleged related to an issue actually tried.

Counsel for plaintiff in error, contends, that there was fraudulent concealment and collusion as to the settlement which distinguishes this case from those above referred to, but we see no difference in the principle; for if there were such, it was in relation to matters tried in that case or which were within the power of the company to have litigated. The alleged fact that owing to the death of the treasurer of the company who made the settlement, the company was not sufficiently informed to enable it to make this defense until long after judgment was rendered in the Kansas court, does not serve to render it available as a defense or counter claim in an attack upon a foreign judgment, although it might be available in a direct attack, in a proper case.

In Section 489 Mr. Freeman says: "It must be borne in mind that it is not fraud in the cause of action, but fraud in its management, which entitled a party to relief.

"The procuring of a judgment by perjury, or subornation of perjury, is doubtless a fraud, and such a fraud as would induce equity to grant relief, were it not for the fact that its existence can rarely or never be ascertained otherwise than by trying anew an issue already tried in the former action. Whenever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it,

and should be prepared to meet such evidence with counter-proofs."

Under Section 575 of the Kansas Code, a direct attack, upon a judgment may be made for two years after the rendition thereof, within which time, the fraud alleged would have been available, but under no circumstance could the alleged fraud set up in the answer, constitute a defense to this action.

In sustaining the demurrer to the answer, and, upon the plaintiff in error's refusing to plead further but electing to stand by its demurrer, rendering judgment for the amount due the defendant in error, together with interest and costs, no error was committed by the court below.

The judgment of the court below is affirmed with costs, and it is so ordered.

William J. Mills, C. J., Ira A. Abbott, A. J., Frank W. Parker, A. J., concur.

Mann A. J., and Pope, A. J., having taken part in the trial below took no part in this decision.