[No. 3294.   Nov. 19, 1927.   Rehearing Denied Jan. 4, 1928.]

STATE ex rel, BURG v. CITY OF ALBUQUERQUE. et al.

[262 Pac. 225.]

J. Lewis Clark, of Albuquerque, for appellant.

H. B. Jamison and Hanna & Wilson, all of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, C. J.   An appeal was taken from a judgment of the district court of Bernalillo county on June 3, 1927.   The return day of such appeal under the statute

was September 1, 1927. The last day for making an application for extension of time to settle the bill of exceptions was August 22, 1927. No application was filed in the district court for an extension until August 30, 1927, two days before the return day of the appeal. A motion was filed in this court on September 6, 1927, by the appellee to docket said cause and affirm said judgment upon a skeleton transcript which was presented.

The matter is governed by section 36 of chapter 43, Laws 1917, which provides that no extension of time for the settling of the bill of exceptions shall be granted unless application for the same be made at least ten days prior to the return day of the appeal. This section has been held to be mandatory and to prohibit the granting of such an extension after the expiration of the time. Puritan Mfg. Co. v. Toti and Gradi, 16 N. M. 1, 113 P. 624; Costilla Land Co. v. Allen, 17 N. M. 343, 128 P. 79; State ex rel. Divelbiss v. Raynolds, 17 N. M. 662, 132 P. 249; Pople v. Orekar, 22 N. M. 307, 161 P. 1110; Christian v. Lockhart, 30 N. M. 484, 239 P. 289.

It thus appears that the order granting the extension to settle the bill of exceptions was without authority and void. There being no valid order in regard to the bill of exceptions, no extension of time to file a complete transcript in this court was thereby effected. See Collins v. Unknown Heirs, 27 N. M. 224, 199 P. 362. No application has been filed in the district court or this court for such latter extension, and on September 6, 1927, appellees filed a motion in this court to docket and affirm the judgment below, which has been argued and submitted.

Appellant seeks to avoid the consequences of this situation by a showing which will be considered. On August 18, 1927, four days before the expiration of the time within which extensions could be granted, appellant filed in this court an application or motion for the designation by the Chief Justice of Judge Helmick to settle the bill of exceptions, and to extend the time within which to so settle the same. The clerk prepared an order and presented the same to the Chief Justice, and it was signed and transmitted to appellant at Albuquerque. It was re-

turned to the clerk as not in accordance with the motion, because it did not specifically include the power to extend the time for settling the bill. Thereupon the clerk prepared another designation of Judge Helmick obviating the objections of counsel, and mailed the same to him, who received it on August 24, 1927. In the meantime no application for extension had been filed in the district court, and none was filed until August 30, 1927, as before seen. Counsel seems to have concluded that a designation of a district judge by the Chief Justice to settle the bill of exceptions did not include the power to determine the time of such settling. In this he was in error. If the district judge has power to settle a bill of exceptions, he certainly has power to determine when the same may be presented and settled.

It is of course undesirable that parties should fail through the inadvertence of members of the court, or its officers. But it would seem to be the duty of counsel to prepare the orders desired and not to leave such matters to the clerk. Ordinary prudence would seem to require this. It is further to be noticed that the application for extension of time might have been filed in time, even if it were true that Judge Helmick, the regular judge of the district, had no power to settle the bill of exceptions, or extend the time until designated by the Chief Justice. While the statute provides for application to the judge, the act nevertheless is the judicial act of the court, and the application, had it been filed in the court below in time, might have preserved the rights of appellant.

The point in this case is that no application for time to settle the bill of exceptions, or to file the transcript, was made to any court within the time required by the statute. No court now has power to grant such extension, and this court must obey the statute. An application to dismiss the appeal, had any been made by appellant, possibly might have inclined this court to grant the same, if appellant still had the time within which to sue out a writ of error after abandoning his appeal. This we do not decide, because not involved. No matter how much this

court might desire to relieve appellant from his predicament, it is powerless to do so.

It follows from the foregoing that the judgment of the court below should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY and WATSON, JJ., concur.