608 P.2d 138

Peter B. BARKER, Plaintiff-Appellant,

v.

Priscilla BARKER, Defendant-Appellee.

No. 12394.

Supreme Court of New Mexico.

March 3, 1980.

Rehearing Denied March 19, 1980.

Standley & Suzenski, Fred M. Standley, Robert Suzenski, Santa Fe, for plaintiff-appellant.

Donald W. Miller, Santa Fe, for defendant-appellee.

## OPINION

FELTER, Justice.

Plaintiff-Appellant ("husband") brought suit in the District Court against Defendant-Appellee ("wife") for dissolution of marriage and division of property. The wife filed an answer and counter-claim, which, inter alia, alleged that she had obtained a divorce and collateral relief from the husband in the State of Indiana. The Indiana decree was entered ex parte on September 24, 1976. The wife alleges that the decree should be entitled to full faith and credit in New Mexico. Without contest, the trial court entered its order on July 1, 1977, that the Indiana decree, "a copy of which is attached hereto, be, and the same hereby is, granted full faith and credit in the State of New Mexico." The order, by its language, did not reduce the Indiana decree to judgment in New Mexico. On December 21, 1978, the trial court, after an evidentiary hearing, entered an order reducing the Indiana decree in its entirety to judgment in New Mexico. The husband appealed from the "Final Order entered herein on December 21, 1978." We affirm.

The issues raised by the husband on appeal are: whether the ex parte Indiana decree, insofar as it grants a monetary judgment against the husband, is void and not entitled to full faith and credit, and whether the trial court exceeded its jurisdiction in entering the order of December 21, 1978.

## I.

The pertinent uncontroverted facts relating to the Indiana decree are as follows: The wife is a resident of Indiana and the husband is a resident of New Mexico; they lived together as husband and wife in Marion County, Indiana from March, 1970 to October, 1974; notice of pendency of the Indiana divorce action and filing of the petition therein by the wife was served upon the husband by certified mail, return receipt requested, and the husband received summons and a copy of the verified petition, as evidenced by the return receipt signed by the husband. The ultimate question thus presented for decision is whether these facts support in personam jurisdiction over the husband in Indiana.

The Indiana long-arm statute is set forth in Rule TR 4.4, Ind.Code Ann., § 34–5–1–1 (1973). Insofar as pertinent that Rule provides:

(A) *Acts serving as a basis for jurisdiction.* Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

. . . . .

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state.

The husband claims that statutory authority is the exclusive means by which the courts may obtain personal jurisdiction of persons outside the state. He asserts that Indiana Trial Rule 4.4, promulgated by or-

der of the Supreme Court of Indiana, does not meet this requirement and that the Indiana Supreme Court could not, *sua sponte*, enlarge the jurisdiction of Indiana Courts. In support of this contention, the husband cites only the case of *Worland v. Worland*, 89 N.M. 291, 551 P.2d 981 (1976). In that case this court, in construing the New Mexico long-arm statute enacted by our legislature (§ 21–3–16, N.M.S.A.1953, current version at § 38–1–16, N.M.S.A. 1978), ruled that such statutes, being in derogation of the common law, must be strictly construed. However, in *Worland*, the question of whether a rule of court has validity and legal efficacy, the same as a statute enacted by the legislature, was not before the court.

Indiana Trial Rule 4.4 has been applied as a valid rule, affording due process of law as required by the 14th Amendment to the United States Constitution, when "minimum contact" and "adequate notice" are present.

In the case of *Neill v. Ridner*, 153 Ind. App. 149, 286 N.E.2d 427 (1972), a bastardy proceeding, extra-territorial service upon the putative father, based upon the act or acts in Indiana which gave rise to the action, was held to confer in personam jurisdiction upon the court under Indiana Trial Rule 4.4. The court in its opinion, *inter alia*, stated as follows:

> The essence of defendant's assignment of error, as it pertains to TR 4.4(A), is that the act or acts which give rise to an action of bastardy are not specified in any of the seven determinates giving jurisdiction over a non-resident.

> We are of the opinion that TR 4.4(A)(2) applies in the situation at hand. There is no requirement that the act complained of be a tort as it was known at the common law. The legislature, by means of the Children Born Out of Wedlock Act, supra, makes it quite clear that it is the policy of Indiana to protect children under these circumstances.

> . . . In determining the validity of TR 4.4(A) there is recognition that the twin requirements of "minimum contact"

and "adequate notice" must be observed. Both are present in a manner deemed by us to be more than sufficient to satisfy 14th Amendment due process.

153 Ind.App. at 152–153, 286 N.E.2d at 429.

The Federal Court in Indiana, while dismissing the following case on factual grounds, jurisdictionally recognized Indiana Trial Rule 4.4 as a valid long-arm statute in the case of *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. 306 (S.D.Ind.1978). The court discussed the rule in its opinion, in part, as follows:

> The Indiana long-arm statute is contained in Trial Rule 4.4. That Rule allows a court to obtain jurisdiction over non-residents in seven situations.

461 F.Supp. at 308.

It is almost axiomatic that rules adopted by a court have the effect of law as to proceedings in such court or courts to which they apply. *See Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978); *State ex rel. Burg v. City of Albuquerque*, 33 N.M. 184, 262 P. 225 (1927); *State v. Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App.1977).

New Mexico must accept the ruling of the Indiana Supreme Court as implicitly validating Indiana Trial Rule 4.4 (through use and application of the rule) within due process requirements of the 14th Amendment to the United States Constitution, as per *Neill v. Ridner, supra*. To do otherwise would misconstrue *Neill v. Ridner* as implicitly rejecting Trial Rule 4.4.

Article 4, Section 1 of the Constitution of the United States provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

In 16A Am.Jur.2d *Constitutional Law* § 863 (1979), it is stated, in part, that:

> The full faith and credit clause, which has been described as a nationally unifying force, prescribes a rule by which courts, federal and state, are to be guided

when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a state other than that in which the court is sitting. Federal courts are bound equally with state courts to observe the command of the full faith and credit clause where it is applicable.

■ Admittedly, a judgment rendered in a proceeding wanting in due process of law, as enjoined by the Constitution of the United States, is not entitled to "full faith and credit." *See Griffin v. Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946). But the rule was stated in the dissenting opinion of Mr. Justice Jackson in *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), as follows:

> The only escape from obedience [to the rule that a judgment of a sister state is entitled to full faith and credit] lies in a holding that the judgment . . . is void and entitled to no standing even in . . . [the state in which it was rendered].

■ As found in *Neill v. Ridner, supra*, the act or acts in Indiana which gave rise to an action of bastardy satisfied the "minimum contact" requirement of due process to confer in personam jurisdiction over a non-resident. Certainly then, in the instant case, living together as husband and wife in Marion County, Indiana, from March, 1970 to October, 1974 even more abundantly shows "minimum contact" in Indiana, dispelling any doubt as to the requirement of due process supporting the Indiana decree.

Indeed, it is clear that the same facts in the Indiana case would confer in personam jurisdiction over a non-resident if they had occurred in New Mexico under the law of New Mexico concerning those matters which are specified in the New Mexico long-arm statute (§ 21–3–16, N.M.S.A.1953, current version at § 38–1–16, N.M.S.A. 1978). In the case of *Worland v. Worland, supra*, the parties were married in New Mexico in 1968. Later that year they moved to Oklahoma. In August, 1973, they moved back to New Mexico. In February,

1975 the husband removed himself to Colorado. The wife filed suit in March, 1975, and in personam jurisdiction over the non-resident husband was held to obtain for those items of relief specified in the New Mexico long-arm statute.

Since it is clear that there was sufficient "minimum contact" in Indiana to confer in personam jurisdiction over the husband in the case in Indiana, and since no question is raised or appears as to the fulfillment of the requirement of "adequate notice" to the husband of the Indiana proceedings, it is entirely clear that the Indiana decree is valid and entitled to full faith and credit in New Mexico. We so hold.

II.

The husband asserts as his second ground for reversal that the trial court's order entered on July 1, 1977, was a final order, over which the trial court lost jurisdiction after the expiration of thirty days after its entry, pursuant to Section 39–1–1, N.M.S.A. 1978. Consequently, the order entered by the trial court on December 21, 1978, was entered without jurisdiction, since, as contended by the husband, it amended, altered or changed the July 1, 1977, order. Although plausible at first blush, such a position cannot withstand close analysis.

Some serious doubt exists as to whether the order of July 1, 1977, was in fact a "final order," or merely interlocutory in nature. Nevertheless, it is not critical to this opinion whether the July 1, 1977, order was interlocutory or final in nature.

■ If the order of July 1, 1977, was in fact interlocutory and not final, entry of the order of December 21, 1978, violates no rule of law. A trial court may revise an interlocutory order at any time until the entry of its judgment disposing of the litigation. *See Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 (Ct.App.1976). In Moore's Federal Practice § 60.27, at 339–340 (2d ed. 1979), the following statement is made:

> The district court has plenary power over its interlocutory orders; may revise them when consonant with equity to do

**166**

so; and Rule 60(b) does not deal with and is not a limitation upon the broad power. On the other hand Rule 60(b) states the basis for relief from a final judgment; and thus operates both as a grant and limitation upon the power of the district court to give relief from a final judgment.

In *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858 (5th Cir. 1970), the court held that an order denying a motion for summary judgment is not subject to vacation for "mistake" under Rule 60(b), but, being interlocutory in nature, may be reconsidered at any time prior to judgment. *See also Cohn v. United States*, 259 F.2d 371 (6th Cir. 1958).

■ The order of December 21, 1978, does not make any drastic or substantive turnabouts from the order of July 1, 1977. It merely reduces to judgment in New Mexico the Indiana decree set out in the order of July 1, 1977, by which order the Indiana decree was accorded full faith and credit in New Mexico. Whether the July 1, 1977, order may properly be labeled "final" or "interlocutory" poses no impediment to supplying to that order an omission, necessarily or properly a part of it. 49 C.J.S. *Judgments* § 240, p. 455 (1956), upon this subject, states in part as follows:

If anything has been omitted from the judgment which is necessarily or properly a part of it, and which was intended and understood to be a part of it, but failed to be incorporated in it through the negligence or inadvertence of the court or counsel, or the clerk, the omission may be supplied by an amendment, even after the term.

*See also Wilson v. Wilson*, 109 Cal.App.2d 673, 241 P.2d 281 (1952); *Parker v. Spurlin*, 227 Ga. 183, 179 S.E.2d 251 (1971); *Alvis Hotel, Inc. v. Alvis Hotel of Monroe, Inc.*, 244 La. 149, 149 So.2d 199 (1963), *aff'd mem*, 150 So.2d 769 (1963); *Backy v. Backy*, 355 S.W.2d 389 (Mo.Ct.App.1962); *Marino v. Nolan*, 29 A.D.2d 541, 285 N.Y.S.2d 221 (1967); *Home Indemnity Company v. Muncy*, 449 S.W.2d 312 (Tex.Civ.App.1969); *Dairy Distributors, Inc. v. Local Union 976,*

*Etc.*, 16 Utah 2d 85, 396 P.2d 47 (1964); *Teasley v. Commonwealth*, 188 Va. 376, 49 S.E.2d 604 (1948); *In Re Gibson's Estate*, 7 Wis.2d 506, 96 N.W.2d 859 (1959).

Assuming arguendo that the July 1, 1977, order was final and that the order of December 21, 1978, does something more by way of amendment than to supply necessary or proper parts thereof which were negligently or inadvertently omitted, there is still authority to sustain the validity of the December 21, 1978, order and the court's jurisdiction to enter it at that late date.

■ N.M.R.Civ.P. 60(b), N.M.S.A.1978, delineates the grounds for relief from a final judgment. In pertinent part, the rule reads as follows:

[T]he court may relieve a party . . . from a final judgment, order or proceeding for . . . *any . . . reason justifying relief from the operation of the judgment.* (Emphasis added.)

*Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978), states the wide discretion granted to a trial court in applying Rule 60(b). The pertinent language of the opinion in that case reads as follows:

The intendment of Rule 60(b) is to carefully balance the competing principles of finality and relief from unjust judgments. The courts should and do give it liberal construction, 7 Moore's Federal Practice § 60.18(8), at 216.1 (2d ed. 1975).

. . . In our case Phelps' request for relief did not specifically mention Rule 60(b). The pleading simply stated that the claim for the second injury had been settled and paid. The manner in which the relief is requested and the nomenclature used is not significant. [Citations omitted.]

Setting aside a judgment under Rule 60(b) is discretionary with the trial court. [Citations omitted.] Appellate courts will not interfere with the action of the trial court in vacating a judgment except upon a showing of abuse of discretion. [Citation omitted.]

The court should be liberal in determining what constitutes good cause to vacate a judgment so that the ultimate result will address the true merits and substantial justice will be done. [Citation omitted.]

92 N.M. at 50–51, 582 P.2d at 822–823.

The case at bar contains no claim by the husband that there was an abuse of discretion by the trial court in entering the December 21, 1978, order. Rather, the only claim is that the court lacked jurisdiction to do so.

It is not necessary that relief from a final judgment fit precisely into any of the specific grounds for relief set forth in Rule 60(b). The sixth clause of that Rule affords relief for "any other reason justifying relief from the operation of the judgment." In *Foundation Reserve Ins. Co. v. Martin*, 79 N.M. 737, 449 P.2d 339 (Ct.App.1968), this Court stated that:

" * * * In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

The liberality with which Rule 60(b), and particularly Clause (6) thereof, should be applied is stated as follows in 7 Moore [sic] Federal Practice, ¶ 60.27[1], at 295 (2d ed. 1968):

" * * * Like Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice."

79 N.M. at 740, 449 P.2d at 342.

The full faith and credit clause as contained in the Fourteenth Amendment would provide only a hollow shell and would be an exercise in futility unless, by some lawful means, a foreign judgment could be reduced to domestic judgment and enforced in the forum state. We cannot presume that the framers of that amendment would indulge in such an idle and futile act. Indeed, Rule 60(b) is particularly well designed to cover a situation where, in a final order that a foreign judgment is entitled to full faith and credit, there is a failure to reduce the foreign judgment to domestic judgment. Rule 60(b) is certainly appropriate here.

It is of little consequence and of no particular materiality whether the wife's application for relief, which is within the purview of Rule 60(b), is stated with precision and particularity. Under Rule 60(b) the trial court has authority to vacate a final judgment and to grant relief therefrom *sua sponte*. *McDowell v. Celebrezze*, 310 F.2d 43 (5th Cir. 1962); *United States v. Jacobs*, 298 F.2d 469 (4th Cir. 1961); *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 402 P.2d 954 (1965); Moore's Federal Practice § 60.28(3), at 405 (2d ed. 1979).

We conclude that if a final order accords a foreign judgment full faith and credit, it may be amended more than thirty days up to a reasonable time after its entry, so as to reduce that foreign judgment to a domestic judgment in New Mexico and thus give it enforceability. Although we find no case squarely in point in New Mexico or elsewhere to support this rule, the authorities cited in this opinion clearly support this rule of law by analogy. Under every conceivable and rational theory of law, the December 21, 1978, order is a valid one and was entered by the trial court acting within its jurisdiction. The judgment of the trial court must be affirmed.

IT IS SO ORDERED.

EASLEY, PAYNE and FEDERICI, JJ., concur.

SOSA, C. J., not participating.