719 P.2d 811

**Terry A. WILLIS, Plaintiff-Appellant,**

v.

**Hart WILLIS, Jr., Defendant-Appellee.**

**No. 16114.**

Supreme Court of New Mexico.

May 29, 1986.

Ellis Vickers, Damon Richards, Solsbery, Richards & Vickers, Roswell, for plaintiff-appellant.

Gary Don Reagan, Hobbs, Sarah M. Singleton, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee.

## OPINION

WALTERS, Justice.

The trial court dismissed plaintiff's suit for accounting, money due and partition. We affirm.

The suit alleged that mineral, oil and gas interests in New Mexico properties were community interests of the parties, Texas residents, not disposed of by a 1973 Texas divorce decree. The trial court, however, in its judgment of dismissal, found and concluded that in the Texas divorce proceeding both parties had personally appeared and the court there "divided all the property of the parties, wherever located, and set all mineral interests over to Hart Willis, Jr., as his sole and separate property, free of any claim, right or title of Terry A. Willis." Indeed, a certified copy of the Texas decree was filed in the lower court as an attachment to husband's motion to dismiss and it provides almost word-for-word what the New Mexico judgment of dismissal recites. The dismissal was predicated on grounds of full faith and credit, comity and res judicata effects of the Texas decree.

Plaintiff argues that the Texas court had no in rem jurisdiction of real property located in New Mexico and that the Texas decree, therefore, was void in that respect and not entitled to full faith and credit or comity; consequently, not subject to res judicata or collateral estoppel principles.

At the outset, we note the parties' agreement at oral argument that the title to the properties at issue was at all times in husband's name only. We note, also, that Mrs. Willis was the petitioner who invoked the jurisdiction of the Texas divorce court 13 years ago, and that no appeal was taken from its judgment. Although these observations might be insufficient to deny an attack on in rem jurisdiction on grounds of invocation of that jurisdiction by Mrs. Willis in the Texas proceeding, *see Golden v. Golden*, 41 N.M. 356, 68 P.2d 928 (1937), the Texas decree, as we later discuss, made no attempt to issue an in rem decree affecting the title to New Mexico real property.

■ Upon that background, we hold that the Texas court (in which both parties appeared) had the authority and, therefore, the jurisdiction to determine the nature of the properties, including interests in real property, held by the parties, and to make division of community properties just as

courts do in New Mexico regarding out-of-state properties. *See Brenholdt v. Brenholdt*, 94 N.M. 489, 612 P.2d 1300 (1980). If it appears that any portion of such a decree has failed to apply the law of the state in which such realty exists, it is conceivable that a timely attack subsequent to an appeal to the Texas appellate court might be launched, but there is nothing in this record to even suggest that the Texas trial court, sitting also in a community property state, overlooked principles of community and separate property or of equitable division of community property upon dissolution of the marriage.

■ We cannot go behind the decree to permit relitigation of matters presented and decided in the Texas court which were not appealed from, nor can we refuse full faith and credit to foreign decrees. To escape the rule that a judgment of a sister state is entitled to full faith and credit, as stated by Justice Jackson in *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed.2d 1221 (1953), we would have to hold

> that the judgment * * * is void and entitled to no standing even in * * * [the state in which it was rendered].

Quoted in *Barker v. Barker*, 94 N.M. 162, 165, 608 P.2d 138, 141 (1980).

■ No one disputes the Texas court's in personam jurisdiction; Mrs. Willis's claim that the Texas court's division of property in the decree was an invalid exercise of in rem jurisdiction—because the property in dispute was New Mexico property—is an inaccurate characterization of the jurisdiction exercised. The decree, on its face, considered and determined the nature of all of the property owned by either or both of the parties, and declared which was community property that should be equitably divided. In rem decrees which affect title to out-of-state property ordinarily are not entitled to full faith and credit, res judicata, or comity considerations. *See* Annot., 34 A.L.R.3d 962 (1970). But no order affecting the title to or requiring conveyance of the New Mexico interests was entered in this case; the decree simply confirmed husband's sole and separate ownership of that property. Under Texas law, just as in New Mexico, the Texas court had the authority and jurisdiction to make that determination. *Estabrook v. Wise*, 506 S.W.2d 248 (Tex.Civ.App.), *dismissed as moot*, 519 S.W.2d 632 (Tex.1974); *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961).

The order of dismissal is AFFIRMED.

RIORDAN, C.J., and STOWERS, J., concur.