738 P.2d 937

**Roberta Lou McGEE, Personal Representative of the Estate of Robby Lawing McGee, Deceased, Plaintiff-Appellee,**

v.

**Lionel V. RODRIQUEZ, Defendant-Appellant.**

**No. 8865.**

Court of Appeals of New Mexico.

May 28, 1987.

W.T. Martin, Jr., Law Offices of W.T. Martin, Jr., P.A., Carlsbad, for defendant-appellant.

John R. Funk, Marek & Yarbro, P.A., Carlsbad, for plaintiff-appellee.

**OPINION**

BIVINS, Judge.

Plaintiff, Roberta Lou McGee, as personal representative of the estate of Robby Lawing McGee (decedent), brought this wrongful death action in the District Court of Eddy County, New Mexico, on March 8, 1985, claiming the negligent operation of a vehicle by defendant, Lionel V. Rodriquez, at an intersection in Eddy County resulted in decedent's death. Defendant moved to

dismiss the complaint on the ground that the United States Constitution required the district court to give full faith and credit to a judgment in a Texas court that had approved a settlement of the same claim. Following a hearing on defendant's motion, at which testimony and other evidence were received, the district court denied the motion to dismiss and entered an order approving the settlement amount as reached in Texas, but ordering a different distribution of the proceeds.

Defendant appeals, claiming the district court erred (1) in failing to give full faith and credit to the earlier Texas judgment, and (2) in proceeding to render judgment on the merits following a hearing on a motion to dismiss that tested only legal issues. We hold that the district court should have given full faith and credit to the Texas judgment and, therefore, reverse and remand for dismissal with prejudice of plaintiff's complaint in New Mexico. Having reached that result, we do not discuss the second issue.

At the time of the accident, September 6, 1984, decedent, his wife, plaintiff herein, and their 13–year–old daughter, Kenetha, all lived in Carlsbad, Eddy County, New Mexico. Defendant likewise resided in the same city, county and state. Decedent's 6–year–old son Chad, by a former marriage, as well as decedent's parents, resided in Lubbock, Texas.

According to certified pleadings, affidavits and other papers received by the district court as part of the motion hearing, decedent's widow (plaintiff herein), children and parents had initiated proceedings in the 237th District Court of Lubbock County, Texas, to obtain court approval of a settlement agreement made between decedent's survivors and defendant. The survivors, including plaintiff, were represented by Jack McClendon, a Lubbock attorney. Defendant's insurance company had agreed to pay the policy limits of $26,600. Defendant submitted to the jurisdiction of the Texas court by filing an answer. He was represented by Texas attorneys.

Guardians ad litem were appointed by the Texas court to represent the two minor children and, apparently, a hearing was held on the same day the pleadings were filed, December 17, 1984, to take testimony concerning the settlement. While it had been agreed that New Mexico law would apply as to distribution of the settlement proceeds, the attorneys, or one of them, deemed it necessary to also comply with New Mexico law that requires a wrongful death action be brought by and in the name of the personal representative of the deceased person. *See* NMSA 1978, § 41–2–3 (Repl.1986). The complaint identified Roberta L. McGee, individually, as next friend and parent of Kenetha, a minor, and as personal representative of the estate of "Robbie [sic] McGee, deceased," but left blank the cause number of the probate proceeding in New Mexico appointing her. Mr. McClendon had made arrangements in advance of the Texas court hearing for a New Mexico lawyer to have plaintiff appointed personal representative, but when it was learned on December 17, 1984, this had not been done, Texas counsel filed the pleadings with the missing information and asked the Texas district court judge to withhold filing the judgment until the New Mexico appointment had been made.

When Mr. McClendon called the New Mexico lawyer, Mr. Stephen Boatwright, on December 17, 1984, to obtain the probate number, the latter, not having understood the urgency, agreed to process the matter promptly. Because decedent owned an interest in real estate and had other assets, Mr. Boatwright planned to initiate the matter informally in order to obtain a personal representative, and then convert it to a formal proceeding in order to properly probate decedent's estate.

When Mr. Boatwright contacted New Mexico District Judge John B. Walker on December 19, 1984, and explained the need for the appointment, Judge Walker, after inquiring as to the need for a personal representative, indicated that while he would appoint plaintiff as personal representative, he intended to restrain her from proceeding any further with the Texas action. This information was communicated by Mr. Boatwright to plaintiff, who indi-

cated she would comply with Judge Walker's wishes, and also to Mr. McClendon. The settlement proceeds, however, had already been paid into the registry of the Texas District Court, less Mr. McClendon's one-third contingency fee, which was paid directly to him.

Probate proceedings were initiated in the District Court of Eddy County, New Mexico, on December 19, 1984, and guardians ad litem were appointed for the two minor children. These guardians ad litem filed a joint motion asking the New Mexico court to restrain plaintiff from further proceedings to settle the wrongful death action outside New Mexico. On February 5, 1985, Judge Walker entered an order appointing plaintiff as personal representative of decedent's estate, and restraining her from proceeding further to settle the wrongful death action outside New Mexico. The order directed the personal representative to attempt to settle the claim, for approval by the District Court of Eddy County, New Mexico, within thirty days, but if this could not be accomplished, to file suit in the same court for wrongful death. Plaintiff terminated the employment of Mr. McClendon on February 21, 1985.

In the meantime, after obtaining the probate cause number, Mr. McClendon, notwithstanding his knowledge of the intended order to be entered by Judge Walker, completed proceedings in Texas and a judgment approving the settlement and ordering distribution was entered January 29, 1985. Neither the Texas district judge nor defense counsel was made aware by Mr. McClendon or anyone else of the impending restraining order in New Mexico.

Defendant's attorneys were informed by Mr. Boatwright on or about February 5, 1985, of the order Judge Walker had entered in the probate proceeding. Defendant, through his attorneys, filed a motion in the Texas court proceedings on February 20, 1985, requesting a stay be issued to the clerk from payment of funds held in the registry of that court pending resolution of the issue as to plaintiff's authority to settle. The Texas court granted that motion and issued a stay. Plaintiff, in the meantime, hired new counsel who moved on her behalf in the Texas proceeding to set aside the judgment. The Texas court, after a hearing, denied the motion but, at defendant's request, ordered the funds on deposit with the court be invested in an interest-bearing account.

Plaintiff then filed the wrongful death action in New Mexico, which is now before this court on appeal. Comparing the Texas judgment and the order entered in the case before us, it appears that the Texas judgment divides the settlement proceeds equally among plaintiff (widow) and the two minor children, after deducting the one-third attorney fees,[1] whereas the New Mexico order, while dividing the proceeds in the same manner, permitted deduction of attorney fees only against plaintiff's share.

While the New Mexico District Court order does not make any express determination as to full faith and credit, which was defendant's basis for requesting dismissal, we gather the court considered the Texas judgment a nullity and that the New Mexico court had jurisdiction to proceed in a manner different than the Texas court. The New Mexico order states that Mr. McClendon had perpetrated a fraud on the New Mexico court and that the substantive law of this state required the courts to "take action that is in the best interest of [the] minor children." The district court found the attorney fee arrangement was not in the best interests of the children and disallowed the deduction of any attorney fees from their shares. The net effect of the order, as we understand it, would require defendant to pay each minor an additional $2,955.55 ($8,866.66 awarded in New Mexico less $5,911.11 paid in Texas), and then recover the additional $5,911.11 paid in excess of the settlement agreement from Mr. McClendon, if he wishes.

The district court's findings aside, the issue before us, and the one raised by defendant in the district court and on appeal, is whether the Texas judgment is entitled to full faith and credit.

---

1. The Texas judgment also awarded decedent's parents $10.

Article IV, Section 1 of the United States Constitution requires that full faith and credit shall be given in each state to the judicial proceedings of every other state. It has been said that " '[t]he only escape from obedience [to the rule that a judgment of a sister state is entitled to full faith and credit] lies in a holding that the judgment ... is void and entitled to no standing even in ... [the state in which it was rendered].' " *Barker v. Barker,* 94 N.M. 162, 165, 608 P.2d 138, 141 (1980) (quoting from Mr. Justice Jackson's dissenting opinion in *May v. Anderson,* 345 U.S. 528, 537, 73 S.Ct. 840, 845, 97 L.Ed.2d 1221 (1953)). *See also Willis v. Willis,* 104 N.M. 233, 719 P.2d 811 (1986); *Houston Fire & Cas. Ins. Co. v. Falls,* 67 N.M. 189, 354 P.2d 127 (1960). "[A] judgment rendered in a proceeding wanting in due process of law, as enjoined by the Constitution of the United States, is not entitled to 'full faith and credit.' " *Barker v. Barker,* 94 N.M. at 165, 608 P.2d at 141 (citing *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed.2d 635 (1946)).

The parties concede the jurisdiction of the Texas court over them, the cause of action and the authority of that court to hear wrongful death actions. Curiously, jurisdiction of the Texas proceeding was conceded below, which no doubt explains why the district court in this case made no determination as to that question. The only basis for denying full faith and credit, as argued in this appeal, is that it was based on fraud.

■ As a general rule, full faith and credit may not be denied judgments rendered by courts of sister states because of fraud in obtaining them. *Maxwell v. Stewart,* 89 U.S. (22 Wall.) 77, 22 L.Ed. 564 (1874); *El Capitan Land & Cattle Co. v. Lees,* 13 N.M. 407, 86 P. 924 (1906). Under this rule, it is deemed necessary for a person against whom judgment has been obtained by fraud to seek relief in the jurisdiction in which the judgment was rendered. *McDonald v. Drew,* 64 N.H. 547, 15 A. 148 (1888).

■ Here, plaintiff did attempt to set aside the Texas judgment based on the identical claims made before the district court, and she failed. The Texas court denied her motion on April 23, 1985, and the record before us indicates no appeal was taken from that order.

No more need be said. For the rendering state has not permitted the judgment to be assailed, and this forum should accord to the foreign judgment the same degree of credit, status and immunity from attack which the judgment not only would be but was accorded in the state where rendered. [The rendering state] has refused to set aside the judgment on the grounds of fraud. We should do no less.

*Lumbermens Mut. Cas. Co. v. Carriere,* 170 N.J.Super. 437, 452, 406 A.2d 994, 1002 (1979) (emphasis omitted). Plaintiff, having failed in pursuing her remedies in Texas, cannot collaterally attack the Texas judgment in a suit filed in New Mexico. *See Royal Intern. Optical Co. v. Texas State Optical Co.,* 92 N.M. 237, 586 P.2d 318 (Ct.App.1978); *Lovejoy v. Ashworth,* 94 N.H. 8, 45 A.2d 218 (1946). *See generally* Annotation, *Comment Note.—Fraud as defense to action on judgment of sister state,* 55 A.L.R.2d 673 (1957 & Supp.1987).

■ Moreover, the trial court made no finding of fraud on the Texas court; only on the New Mexico court. The only reference to fraud is Finding No. 8, which provides: "That [plaintiff] instructed her attorney in Texas, Jack McClendon, to go no further with the settlement proceedings. That in violation of her orders and in a fraud upon the New Mexico Court, Jack McClendon proceeded to finalize the proceedings in Lubbock County, Texas." Because Mr. McClendon never appeared before, or subjected himself to, the jurisdiction of the District Court of Eddy County in the probate proceeding, the alleged fraud could not have been perpetrated on that court. Thus, even if fraud could warrant denial of full faith and credit, substantial evidence will not support the trial court's finding of fraud.

It is interesting that had a Texas court been considering this issue, the result might be different. In *Bondeson v. Pepsi-*

*co, Inc.,* 573 S.W.2d 842 (Tex.Civ.App.1978), the court set aside a summary judgment in favor of plaintiff, holding a judgment of another state may be impeached for fraud in an action brought in Texas for its enforcement. The court said that a defense of fraudulent procurement in securing the foreign judgment is available in a suit brought in Texas to enforce the foreign judgment when the same fraud would have been a defense in an action brought on the judgment in the state in which it was rendered. In that case, defendant had not asserted the fraud defense in the foreign jurisdiction. We do not follow *Bondeson* for two reasons: First, we are bound by supreme court decisions, *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973); and, second, had the defendant in *Bondeson* raised the fraud defense in the foreign jurisdiction and failed, as occurred here, the result might have been different.

We have considered plaintiff's arguments and found them unpersuasive.

These arguments should have been advanced before the Texas court. Therefore, we hold that the Texas judgment cannot be denied full faith and credit on the basis of the claimed fraud.

We reverse and remand for entry of an order dismissing with prejudice plaintiff's complaint. Plaintiff is not without recourse. If she believes her Texas counsel overreached her or the children, we are sure appropriate avenues are available in Texas to rectify any such problem.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.