This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NATE SIMS AND JEFF SIMS,**

Plaintiffs-Appellees,

v.                                                    **No. A-1-CA-37097**

**JOHN BARNCASTLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Ann T. McCartney
Los Lunas, NM

for Appellees

John Barncastle
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant John Barncastle appeals from the district court's order affirming the metropolitan court order issuing a writ of restitution. *See* Rule 1-073(A) NMRA

(stating that "[a] party who is aggrieved by the judgment or final order in a civil action in the metropolitan court may appeal, as permitted by law, to the district court of the county within which the metropolitan court is located"). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have duly considered Defendant's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**BACKGROUND**

{2} Defendant first continues to challenge the district court's finding that Plaintiffs Nate Sims and Jeff Sims provided him with written notice at least thirty days prior to terminating the rental agreement as required by the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, Sections 47-8-1 to -52 (1975, as amended through 2007). *See* § 47-8-37(B) (stating that the owner may terminate a month-to-month residency by a written notice given to the other at least thirty days prior to the periodic rental date specified in the notice). We understand Defendant to contend that the notice of termination he received was legally invalid because Claire Sims who signed the notice, was not Plaintiffs' legal agent, nor was Defendant ever given notice that she was their agent. [unnumbered MIO 2-3]

**{3}** The district court's memorandum opinion recites that, at the metropolitan court hearing, Plaintiff Jeff Sims testified that he and the co-owner of the property, Plaintiff Nate Sims, designated their sister, Claire Sims, as their agent and property manager by means of a durable power of attorney. *See Hydro Res. Corp. v. Gray*, 2007-NMSC-061, ¶ 39, 143 N.M. 142, 173 P.3d 749 ("An agent is one authorized by another to act on his behalf and under his control." (internal quotation marks and citation omitted)). Additionally, both the notice of termination and the rental agreement were introduced into evidence. There was also evidence that Defendant acknowledged receiving the notice in a text message that he sent to Plaintiff Jeff Sims. [RP 8-10, 82]. We agree with the district court that this was sufficient to establish that Defendant received proper notice of termination under UORRA. *See* § 47-8-13(A), (B) (stating that a person has notice of a fact under UORRA if he has actual knowledge or if he has received notification of it); *see also Salazar v. D.W.B.H., Inc.*, 2008-NMSC-054, ¶ 6, 144 N.M. 828, 192 P.3d 1205 ("On review, we will uphold the trial court's judgment if it is supported by substantial evidence.").

**{4}** Defendant has cited no authority to support his contention that Plaintiffs were required to introduce the power of attorney into evidence or specifically apprise him that they had designated an agent, and we therefore reject this assertion of error. *See*

*Curry v. Great NW. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{5}    Defendant also argues that the district court erred by generally summarizing his four page description of the twelve instances of the metropolitan courts judge's bias against him. [RP 94] Defendant argues that this Court erred by focusing only on one of the metropolitan court judge's statements. Defendant argues that he stated in his statement of issues that the judge refused to allow him to testify, would not let him submit evidence, overruled all of his objections, and berated and harassed him throughout the entire proceedings. [unnumbered MIO 3] As we stated in our notice of proposed summary disposition, however, Defendant's claims of judicial bias are not preserved for appellate review because they were not raised in the trial court. *See Muse v. Muse,* 2009-NMCA-003, ¶¶ 57-60, 145 N.M. 451, 200 P.3d 104 (noting that issues regarding judicial bias must be preserved by a motion for disqualification in the trial court); *see also Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."(internal quotation marks and citation omitted)).

{6}    Additionally, we see nothing in the record before us to show that the metropolitan court judge's decision on the merits was based on anything other than

the evidence in the case. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 418, 96 N.M. 155, 629 P.2d 231 (stating that, to be disqualifying, alleged judicial bias must "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case" (internal quotation marks and citation omitted)). As we stated in our notice of proposed summary disposition, the metropolitan court's decision to issue a writ of restitution appears to have been based on the evidence presented at trial that Plaintiffs were entitled to a writ of restitution, including evidence that Plaintiffs provided Defendant with a thirty-day termination notice of the month-to-month tenancy on June 20, 2017, and that Defendant had not vacated by July 31, 2017. *See* § 47-8-37 (B), (C) (stating the owner may terminate a month-to-month residency by a written notice given to the other at least thirty days prior to the periodic rental date specified in the notice and that if the resident remains in possession without the owner's consent after termination of the rental agreement, the owner may bring an action for possession).

**{7}** We also reject Defendant's argument that the district court did not consider his twelve allegations of specific instances of the metropolitan court's bias against him. [unnumbered MIO 3] The district court's memorandum opinion recites that it reviewed Defendant's statement of the issues and the record of the proceedings in

their entirety, but did not agree with Defendant's view that the metropolitan court judge's statements at trial showed a bias or prejudice. [RP 87]

**{8}** Defendant next argues that the district court erred in failing to correct the metropolitan court for changing its ruling after Defendant indicated that he would appeal the metropolitan court's decision in order to secure more time to remain in the residence. [unnumbered MIO 4-5] We find no error, however, in the metropolitan court judge's statement that she was changing her ruling allowing Defendant to stay in the residence an additional month after Defendant stated that he would appeal. Courts are free to reconsider orders prior to entering a final judgment. *See Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153 (stating that decisions made by the court prior to final judgment may be revised at any time prior to final judgment); *Barker v. Barker*, 1980-NMSC-024, ¶ 19, 94 N.M. 162, 608 P.2d 138 ("A trial court may revise an interlocutory order at any time until the entry of its judgment disposing of the litigation.").

**{9}** Defendant argues that the metropolitan court changed its ruling simply because he mentioned the word "appeal." [unnumbered MIO 5] However, the record indicates that the metropolitan court judge, after indicating that she would grant the petition for a writ of restitution, stated that she would give Defendant until September 15, 2017 to vacate in what she characterized as a "reprieve." [RP 83-84] *See* § 47-8-46(A)

6

(stating that when judgment is rendered against the resident for restitution, the court shall issue a writ of restitution directing the sheriff to restore the premises to the owner on a specified date not less than three nor more than seven days after entry of judgment). The metropolitan court judge then decided against this course of action when Defendant indicated that he would appeal, as an appeal imposes an automatic stay of the writ of restitution. *See* § 47-8-47(A) (stating that an appeal by a defendant stays the execution of a writ of restitution). We therefore reject Defendant's characterization of the metropolitan court's action as an attempt to punish him for exercising his right to appeal.

{10} Defendant next continues to argue that the district court erred in failing to recognize that the metropolitan court judge had little experience with landlord/tenant law or the UORRA. [unnumbered MIO 5] Defendant argues that the metropolitan court judge's unfamiliarity with the relevant law led her to attempt to partially grant a writ of restitution and to become confused as to whether the metropolitan court or the district court had jurisdiction over the order staying the eviction. [unnumbered MIO 5] Defendant asserts these errors are another example of harassment, bias, and prejudice by the metropolitan court judge against him. [unnumbered MIO 5]

{11} However, the district court addressed this assertion of error by clarifying the jurisdictional issue in its order dismissing Defendant's emergency motion, and the

metropolitan court then heard his emergency motion. [DS 6-7] Any error in the metropolitan court's initial determination that it did not have jurisdiction is now therefore moot. *See Republican Party of N.M. v. N.M. Taxation and Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 ("When no actual controversy exists for which a ruling by the court will grant relief, an appeal is moot and ordinarily should be dismissed."); *see also Zuni Indian Tribe v. McKinley Cnty. Bd. Of Cnty. Commr's*, 2013-NMCA-041, ¶ 20, 300 P.3d 133 (stating that "[a]s a general rule, this Court does not decide moot cases"). We also reject Defendant's argument that any of this demonstrated harassment, bias, or prejudice against him. Judicial bias cannot be inferred from an adverse ruling. *See State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 ("[B]ias cannot be inferred from an adverse ruling.").

**{12}** Finally, we reject Defendant's argument that the district court erred in denying his application for free process. On further review of this issue, we note that the order in question was entered in a different case involving Defendant, not in this matter. [RP 107-108] Our review of the record in this case indicates that the only order regarding free process was issued by this Court, and Defendant was granted free process. [RP 114-115] As the order denying the application for free process was not at issue in this case, it is not before us in the appeal of this case.

**CONCLUSION**

{13} For these reasons, we affirm the district court's order affirming the metropolitan court's writ of restitution.

{14} **IT IS SO ORDERED**.

                            _____

                            **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**HENRY M. BOHNHOFF, Judge**