612 P.2d 1300

Ann T. BRENHOLDT,
Petitioner-Appellee,

v.

James P. BRENHOLDT,
Respondent-Appellant.

No. 12647.

Supreme Court of New Mexico.

April 25, 1980.

Houston, Housman, Freeman & Dawe, R. Thomas Dawe, Albuquerque, for respondent-appellant.

Menig, Sager, Curran & Sturges, Edward T. Curran, Albuquerque, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This appeal arises out of a divorce action commenced in Bernalillo County. Appellant (husband), and appellee (wife), were originally domiciled in Ohio and while there they acquired certain real property. Thereafter, the parties moved to New Mexico and have been domiciled in this State ever since. Immediately prior to and during their marriage, the parties acquired a variety of realty in New Mexico, Ohio, California and Arizona. With the exception of a house which is located in Kentucky, owned by the wife before marriage, and certain personal property belonging to the husband, the trial court found that all of the property of the parties was community property and ordered a division in accordance therewith. It is from this decision that the husband appeals.

We affirm that portion of the trial court's decision which holds that property acquired in New Mexico and Arizona is community property and should be divided and apportioned to the parties pursuant to the community property law of this State. We reverse that portion of the trial court's decision which holds that the property acquired in Ohio and California is community property and apportionable pursuant to the community property laws of New Mexico.

■ The husband purchased a condominium in Arizona in November of 1977 while the parties were domiciled in New Mexico. It is uncontroverted that the property was not purchased with the husband's separate property. However, the husband seeks to establish this property as his sole and separate property by virtue of a "Disclaimer Deed" which he had his wife sign. She claims that she signed the deed at her husband's insistence without realizing what she was signing. Further, upon learning of the significance, she spoke with her husband, who said he would change it. The trial court deemed the "Disclaimer Deed," in conjunction with the surrounding circumstances, insufficient to bar the wife of her community interest in this realty, particularly in view of the fact that the downpayment came from borrowed funds and that the mortgage payments were paid from the rental payments received. In view of the evidence presented, we find the decision of the trial court, that the Arizona condominium was community property, to be supported by substantial evidence.

■ The property acquired in New Mexico was all acquired during coverture and while domiciled in this State. We have not set forth the manner of acquisition of these properties nor in what names they are held nor the method of payment, since we find substantial evidence to support the division made by the trial court in its judgment as to property acquired in New Mexico.

■ We are further of the opinion that the trial court properly applied the New Mexico statutes and case law relative to the community and separate property acquired by the parties while domiciled in New Mexico. *See* Section 40–3–8, N.M.S.A. 1978; Section 40–3–12, N.M.S.A. 1978; *Burlingham v. Burlingham*, 72 N.M. 433, 384 P.2d 699 (1963); *Campbell v. Campbell*, 62 N.M. 330, 310 P.2d 266 (1957); *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953); *Laughlin v. Laughlin*, 49 N.M. 20, 155 P.2d 1010 (1944).

With respect to the property acquired in Ohio in April 1976, while the parties were still living in Ohio, the trial court failed to correctly apply the case law as set forth in *Stephens v. Stephens*, 93 N.M. 1, 595 P.2d 1196 (1979) and *Hughes v. Hughes*, 91 N.M. 339, 573 P.2d 1194 (1978). The California partnership interest, which was acquired by the husband while domiciled in Ohio some four months prior to the marriage of the parties, was likewise incorrectly deemed to be the community property of the parties. *See Gillespie v. Gillespie*, 84 N.M. 618, 506 P.2d 775 (1975). *See also Hughes v. Hughes, supra.*

In *Hughes, supra*, an action for divorce was filed in New Mexico. Some of the property to be divided was acquired in Iowa and brought back to New Mexico. In that case, this Court reviewed and compared separate property and community property principles and concluded that when there is a conflict of laws issue involving a division of property in a divorce action in New Mexico, the law of the foreign state where the funds used to purchase the property were acquired should apply. In so concluding, the Court stated:

This Court has followed what is overwhelmingly the general rule that funds or property, brought in from a non-community property state where the funds or property were there considered to be the separate property of an individual, will retain the same character when traceable into New Mexico property. *Koprian v. Mennecke*, 53 N.M. 176, 204 P.2d 440 (1949). . . . We therefore resolve the conflict of laws in favor of applying the Iowa law to determine the character of the property traced to Col. Hughes' earnings.

.    .    .    .    .

. . . There is an obvious difference between property which *first* acquires its separate nature while the husband is domiciled in a community property state and his separate property that can be traced to property acquired in a common-law state where the wife has inchoate equitable rights in that property.

. . . Although the property traceable to Col. Hughes' earnings was clearly his separate property, we hold that the characterization of this property as separate must be made under the applicable laws of the State of Iowa and therefore the property is subject to all the wife's incidents of ownership, claims, rights and legal relations provided in any and all of the laws of the State of Iowa that affect marital property.

*Id.* at 343–346, 573 P.2d at 1198–1201.

In *Stephens, supra,* this Court held that Tennessee law would apply in determining a wife's interest in the husband's military retirement benefits earned while domiciled in Tennessee, citing *Hughes* with approval.

The principles announced in *Hughes* and *Stephens* apply to property acquired in a foreign domicile by the parties during marriage, which property still has its situs in the foreign state at the time of the New Mexico divorce proceedings.

The respective property interest or ownership of the parties are to be determined by the trial court pursuant to the statutes and case law of the foreign state in which the property was acquired.

Here, since both the Ohio property and the California partnership interest were purchased with funds acquired while the parties were in Ohio, the trial court must apply the laws of Ohio in determining the respective interests of the parties in these properties.

The cause is remanded to the trial court for further proceedings consistent with this opinion.

Each of the parties shall bear their own attorney fees and costs on this appeal.

IT IS SO ORDERED.

PAYNE and FELTER, JJ., concur.