[No. 51141-1. En Banc. May 9, 1985.]

*In the Matter of the Marriage of* NANCY
M. LANDRY, *Appellant, and* WILLIAM F.
LANDRY, *Respondent.*

808

*Marcia A. Mellinger,* for appellant.

*Hennings, Maltman, Weber & Reed,* by *Douglass A. North,* for respondent.

BRACHTENBACH, J.—This case involves the division of a military pension in an action to modify a final decree of dissolution. The wife appeals; the husband has not cross–appealed. We affirm.

The court in the original dissolution action entered findings of fact and conclusions of law on February 1, 1982. At that time, the parties had a negative net worth; the trial court in effect divided their debts. The husband was then a career officer in the Coast Guard. The wife worked. The trial court awarded maintenance and child support to the wife. Those matters are not in issue.

The husband was only a few months short of retirement. In thorough findings, the court refused to divide the husband's potential military pension; the court believed it was bound by the decision of *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). The court went on to hold that if it were not bound by *McCarty,* it would have found 30 percent of the pension to be community property and 70 percent to be the husband's separate property. This finding was based upon evidence that the Landrys were domiciled in noncommunity property jurisdictions during 70 percent of the husband's military duty periods. The court stated that it would have awarded half of the community portion of the military pension to the wife and would also have considered the husband's separate property interest as divisible. However, it concluded that *McCarty* barred it from making any distribution of the

pension to the wife. No appeal was taken from that decree.

After Congress passed the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (1982), the wife moved, pursuant to CR 60(b), to reopen the decree of dissolution. Her motion was granted.

After a hearing, the court reopened the decree and applied the USFSPA. The pension had now become operative as the husband was retired and unemployed. The court again found a 30 percent/70 percent division between the community and separate property interests and awarded the wife one–half of the 30 percent community interest in the pension. The wife appealed.

The wife assigns no error to *any* finding of fact or *any* conclusion of law. Rather she contends that the trial court (1) failed to consider the relevant factors of RCW 26.09.080; (2) made a distribution which was not fair and equitable; and (3) failed to apply Washington law when it characterized the military pension.

We first make clear what is not before us in this case. The trial court's decision to reopen the decree is not before us. Application of the USFSPA to a decree entered before its passage is not before us. These issues are not before us because (1) the appellant assigned no error to any findings of fact or conclusions of law and (2) the respondent did not cross–appeal and thus raised no issues.

This leaves only two questions. First, did the trial court abuse its discretion in dividing the pension?

We once again repeat the rule that trial court decisions in a dissolution action will seldom be changed upon appeal. Such decisions are difficult at best. Appellate courts should not encourage appeals by tinkering with them. The emotional and financial interests affected by such decisions are best served by finality. The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court. *In re Marriage of Konzen,* 103 Wn.2d 470, 478, 693 P.2d 97 (1985); *Baker v. Baker,* 80 Wn.2d 736, 747, 498 P.2d 315 (1972). The trial court's decision will be affirmed unless no

810

reasonable judge would have reached the same conclusion.

Appellant does not sustain her burden. We need not extend the length of this opinion by working through the figures except to note that it is possible that the wife receives a higher monthly income than the husband. The distribution that we might have made collectively or individually is not relevant. The trial court carefully analyzed the respective positions of the parties, exercised its discretion and rendered a thoughtful decision. That ends the matter.

Second, was it error for the trial court to characterize 70 percent of the military pension as the husband's separate property premised upon its acquisition in noncommunity property states?

■ The wife's argument that this was error has no merit. Washington has long accepted the principle that the character of property is determined under the law of the state in which the couple is domiciled at the time of its acquisition. *Rustad v. Rustad,* 61 Wn.2d 176, 179, 377 P.2d 414 (1963); *In re Estate of Gulstine,* 166 Wash. 325, 328, 6 P.2d 628 (1932); Restatement (Second) of Conflicts § 258 (1971). Pension benefits are deferred income. As such, pension benefits which accrue during a term of employment are characterized in the same way as the income earned during that term of employment. Thus, the trial court correctly characterized 70 percent of the military pension as the husband's separate property because the parties had been domiciled in noncommunity property states during 70 percent of the husband's military service. Separate property retains its separate character when it is brought into Washington, unless it is commingled with community property. *Rustad v. Rustad, supra* at 179; *In re Estate of Gulstine, supra* at 328; Restatement (Second) of Conflicts § 259 (1971). Appellant's reliance on *In re Marriage of Smith,* 100 Wn.2d 319, 669 P.2d 448 (1983) is misplaced. The entire military pension in *Smith* was characterized as community property because the parties had executed a community property agreement which converted all of their

assets into community property.

It may be that we should recognize the equitable interests in noncommunity assets that one spouse would have in the other spouse's separate property if the couple had not moved from a common law state into Washington. Other community property states have recognized the difference between property which is separate property as that term is used in a community property state and property which is separate property merely because community property does not exist in the state in which the asset was acquired. Some states have recognized this distinction through legislation. Cal. Civ. Code §§ 4800, 4803 (West 1983); Ariz. Rev. Stat. Ann. § 25-318 (1976). More relevant here are the judicial decisions which have recognized that just as the owner spouse's legal title survives the transfer of the property into a community property state, under conflict of laws principles, the nonowner spouse's equitable interests in an asset, as established under the law of the state of acquisition, also survive the transfer. *Brenholdt v. Brenholdt,* 94 N.M. 489, 490-91, 612 P.2d 1300 (1980); *Hughes v. Hughes,* 91 N.M. 339, 346, 573 P.2d 1194 (1978); *Berle v. Berle,* 97 Idaho 452, 454-56, 546 P.2d 407 (1976); *Rau v. Rau,* 6 Ariz. App. 362, 365-66, 432 P.2d 910 (1967).

However, this issue was neither raised nor briefed by the parties. The appellant cites one California case, *In re Marriage of Fransen,* 142 Cal. App. 3d 419, 190 Cal. Rptr. 885 (1983), which is based upon a statute that is totally different from any Washington statute. Nor did appellant make any attempt to plead or prove before the trial court the foreign law under which she may have been able to claim an equitable interest in the military pension. *See* CR 44.1. In the absence of such pleading or proof, the law of a foreign jurisdiction is presumed to be the same as the law of Washington. *International Tracers of Am. v. Estate of Hard,* 89 Wn.2d 140, 144, 570 P.2d 131 (1977), *appeal dismissed,* 435 U.S. 1004 (1978). Our courts have statutory authority to consider separate property in making a fair and equitable division of property in a dissolution. *In re*

812

*Marriage of Konzen, supra* at 477–78. The trial court here did so and we will not disturb its decision.

Affirmed.

DOLLIVER, C.J., and UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.