# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 48274-6-II |
| BEVERLY DARLENE VAN SANTFORD, | |
| Petitioner, | |
| v. | |
| HAROLD DAN SHERWOOD, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Harold Sherwood, acting pro se, appeals the trial court's final parenting plan granting all residential time and decision making to the children's mother, Beverly Van Santford. Sherwood argues that the trial court erred by (1) denying his motion to continue the trial, (2) incorrectly applying the best interests of the child standard, (3) entering findings of fact that were not supported by substantial evidence, and (4) awarding Van Santford attorney fees.[1] The trial court did not abuse its discretion by denying Sherwood's motion to continue and we decline to address Sherwood's remaining issues. Accordingly, we affirm.

---

[1] Sherwood also asserts that the superior court erred by "allowing Van Santford to commit perjury." Br. of App. at 9. Although Sherwood disputes many of the claims made by Van Santford, there is nothing in the record before us that demonstrates that Van Santford committed perjury. Accordingly, the resolution of the disputed facts turns on credibility determinations made by the trial court. We do not review credibility determinations or weigh evidence on appeal. *In re Marriage of Fahey*, 164 Wn. App. 42, 62, 262 P.3d 128 (2011). Therefore, we do not consider Sherwood's argument based on allegations of perjury.

FACTS

Sherwood and Van Santford were married in 2003. They are the parents of twins born in 2003. In 2009, the District County of Harvey County, Kansas entered a decree of divorce. The Kansas court also entered a parenting plan designating Sherwood as the primary residential parent, but providing Van Santford liberal parenting time on weekends and one month during the summer recess.

In 2012, Van Santford began proceedings to modify custody in Kansas. The proceedings were prompted by allegations that Sherwood had been abusive toward the children and his fiancée. In April, the Kansas court continued the hearing on Van Santford's motion to modify residential custody. In September, the Kansas court held a partial hearing on Van Santford's motion to modify residential custody. Because the testimony was not completed in the allotted time, the court continued the hearing. After Van Santford brought the children to Washington, the Kansas court ordered that the children remain in Washington with Van Santford.

In March 2014, Van Santford filed a petition for modification in Kitsap County Superior Court. At the time Van Santford filed the petition to modify the parenting plan, Sherwood was living in Iowa. Van Santford alleged that Sherwood had not had any contact with Van Santford or their children after December 2011. Sherwood requested that Kitsap County Superior Court decline jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW. In May, the Kansas court relinquished jurisdiction to Washington. In September, Kitsap County Superior Court entered an order assuming jurisdiction over the children. Sherwood and Van Santford also stipulated to adequate cause for a hearing on the petition to modify the parenting plan.

In July, after two settlement conferences, the trial court set a trial date of October 13, 2015 for the petition to modify. On September 23, Sherwood filed a motion to continue the trial because (1) he could not get time off work, (2) he needed more time to be able to afford the expense of travelling from Iowa to Washington for trial, and (3) he wanted more time to prepare his case. Sherwood requested that the trial be continued until after January 12, 2016. The trial court did not rule on Sherwood's motion to continue prior to the scheduled trial date.

Sherwood did not appear for trial on October 13, 2015. The trial court asked Van Santford for her position on Sherwood's motion to continue. Van Santford objected because the modification issue had been pending since December 2011, there had already been two settlement conferences, the trial date had been set since July, and the only justification Sherwood presented was his claim that he could not get time off work. The trial court agreed with Van Santford and denied Sherwood's motion to continue.

The court concluded that there were grounds for modifying the original parenting plan in Kansas because the children had been living in Washington for several years. The trial court also found that there were limiting factors under RCW 26.09.191(3) that supported restricting Sherwood's residential time. The trial court granted the petition to modify the original parenting plan and ordered residential placement with Van Santford in Washington. Sherwood appeals.

ANALYSIS

I. MOTION TO CONTINUE

Sherwood asserts that the trial court abused its discretion by denying his motion to continue the trial. A trial court's decision to deny a motion to continue is reviewed for a manifest abuse of discretion. *In re Welfare of A.D.R.*, 185 Wn. App. 76, 85, 340 P.3d 252 (2014). Under a manifest

3

abuse of discretion standard, the "trial court's decision will be affirmed unless no reasonable judge would have reached the same conclusion." *In re Marriage of Landry*, 103 Wn.2d 807, 809-10, 699 P.2d 214 (1985).

Here, Sherwood asserts that the trial court abused its discretion because "the Judge got the Motion and very well could have ruled on it in favor of Sherwood." Br. of App. at 20. However, the fact that the trial court could have granted the motion to continue does not demonstrate that the trial court manifestly abused its discretion by failing to do so. The trial court considered the length of time the case had been pending, the two prior settlement conferences, and Sherwood's reasons for requesting the continuance. Sherwood has failed to demonstrate that no reasonable judge would have reached the same conclusion as the trial court. Accordingly, the trial court did not manifestly abuse its discretion by denying Sherwood's motion to continue.

## II. BEST INTERESTS OF THE CHILD STANDARD

Sherwood alleges that the "trial court erred in applying the incorrect 'best interests of the child' standard for custody." Br. of App. at 13. It appears that Sherwood is arguing that the trial court applied the wrong standard because the trial court should have (1) decided the petition to modify under the Child Relocation Act, RCW 26.29.520, and considered whether there was adequate cause to modify the parenting plan as required by RCW 26.09.260. Finally, Sherwood argues that the trial court failed to consider the best interests of the child as defined in RCW 26.09.260(2). Sherwood's first two arguments lack merit because (1) this is not an action under the Child Relocation Act; and (2) the parties stipulated to adequate cause to modify the original 2009 parenting plan. And we decline to address Sherwood's remaining argument because he failed to support his argument with adequate argument and citations to authority. RAP 10.3(a)(6).

4

RCW 26.09.260 provides for the modification of parenting plans. Under RCW 26.09.260(1), the trial court may not modify a final parenting plan unless (1) there has been a substantial change of circumstances of the child or nonmoving party, and (2) the modification is in the best interests of the child and is necessary to serve the best interests of the child. RCW 26.09.260(2) provides:

> In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
>
> (a) The parents agree to the modification;
>
> (b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;
>
> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child;
>
> (d) The court has found the nonmoving parent in contempt of court at least twice within three years because the parent failed to comply with the residential time provisions in the court-ordered parenting plan, or the parent has been convicted of custodial interference in the first or second degree under RCW 9A.40.060 or 9A.40.070.

In his brief, Sherwood specifically cites to subsections (2)(c) and (2)(d). However, he fails to offer any argument as to why either of these subsections were misapplied, or inapplicable, or how the court misapplied the best interests of a child standard. Nor does Sherwood explain how the subsections of RCW 26.09.260(2)(c) or (2)(d) would affect the final parenting plan entered by the court. *See* Br. of App. at 18-19. We do not consider assignments of error that are unsupported by argument. RAP 10.3(a)(6). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013). Because Sherwood has failed to offer any argument relating to the cited subsections of RCW 26.09.260(2)(c) or (2)(d), we decline to consider this assignment of error.

III.  SUFFICIENCY OF THE EVIDENCE

Sherwood argues that the "trial court erred in finding in favor of Van Santford without sufficient evidence . . . ." Br. of App. at 23.  However, Sherwood has not assigned error to any of the trial court's findings of fact.  A party must make a "separate assignment of error for each finding of fact a party contends was improperly made. . . ." RAP 10.3(g).  Unchallenged findings of fact are verities on appeal.  *In re Marriage of Raskob*, 183 Wn. App. 503, 510, 334 P.3d 30 (2014).  Because Sherwood has failed to assign error to any of the trial court's factual findings, we decline to consider Sherwood's argument regarding the sufficiency of the evidence.

IV.  ATTORNEY FEES

Sherwood argues that the trial court erred by awarding Van Santford reasonable attorney fees.  Specifically, Sherwood argues that Van Santford was not entitled to attorney fees because she was intransigent.  Sherwood argues that, under this standard, Van Santford is not entitled to attorney fees because she was the one who began the case and prolonged it due to her own intransigence.  However, the trial court did not grant Van Santford attorney fees based on a finding that Sherwood was intransigent.  Therefore, whether Van Santford was intransigent has no relevance as to whether the trial court's award of attorney fees was proper.  Accordingly, Sherwood's argument that the trial court erred in awarding Van Santford attorney fees lacks merit.

ATTORNEY FEES ON APPEAL

Sherwood did not request attorney fees on appeal.  Van Santford requested an award of reasonable attorney fees on appeal.  However, Van Santford failed to identify the applicable law that entitles her to attorney fees on appeal.  RAP 10.3(a)(6), 18.1.  Accordingly, we deny her request for attorney fees.

No. 48274-6-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

MELNICK, J.