FILED
COURT OF APPEALS DIV. I
STATE OF WASHINGTON

2018 JUL 23 AM 8: 37

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of | ) No. 76373-3-I |
| | ) |
| KSENIIA GOLUBEVA, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) UNPUBLISHED OPINION |
| EVGENY PISTRAK, | ) |
| | ) FILED: July 23, 2018 |
| Appellant. | ) |
| | ) |

VERELLEN, J. — When the court dissolved Kseniia Golubeva and Evgeny Pistrak's marriage, it awarded Golubeva $8,000 for unpaid temporary maintenance. In challenging this judgment, Pistrak does not point to any specific factors or material evidence the court improperly disregarded. Pistrak fails to show the trial court abused its discretion when it entered judgment for the unpaid maintenance. And substantial evidence supports the court's finding of Pistrak's ability to pay because the court had evidence of Pistrak's income and debt obligations.

The court also awarded Golubeva $20,000 in attorney fees and costs. The court did not enter specific findings supporting the time incurred or the hourly rate

charged. Because the court did not enter adequate findings to explain the award of attorney fees and costs, we remand for additional findings.

When the court held a hearing to issue its oral ruling, Pistrak indicated he could not understand the proceeding without an interpreter. In the findings, the court did not find it credible that Pistrak was unable to understand even the basic preliminary comments by the court. Pistrak fails to provide any basis for relief given the fact the court ended the hearing after he objected and entered the decree and findings in writing.

Therefore, we affirm the judgment for unpaid temporary maintenance. As to the attorney fees award, we remand for further proceedings on the existing record consistent with this opinion.

## FACTS

Pistrak and Golubeva were married on September 19, 2014. They separated on May 20, 2015.

On November 16, 2015, the court ordered Pistrak to pay Golubeva $2,000 per month in temporary maintenance. Between November 2015 and 2016, Pistrak brought numerous motions to revoke or modify the temporary maintenance. Also during that time, the court held Pistrak in contempt multiple times for failing to pay.

Trial occurred between November 7, 2016 and November 10, 2016. On November 18, 2016, the court held a hearing to issue its findings and conclusions. When Pistrak indicated he could not understand the proceeding without an interpreter, the court ended the hearing and later entered its written order.

In the dissolution decree and findings of fact and conclusions of law, the court awarded Golubeva $8,000 for unpaid temporary maintenance and $20,000 in attorney fees and costs.

Pistrak appeals.

## ANALYSIS

### I. Temporary Maintenance

Pistrak challenges the trial court's $8,000 judgment to Golubeva for unpaid temporary maintenance.

As a threshold matter, Golubeva argues Pistrak failed to preserve this issue.

In November 2015, Pistrak challenged Golubeva's original request for temporary maintenance. Between November 2015 and 2016, Pistrak brought numerous motions to revoke or modify the temporary maintenance. Also during that time, the court held Pistrak in contempt multiple times for failing to pay.

In July 2016, the commissioner reserved the issue of July maintenance for the trial judge because, at the time, trial was scheduled for August. The trial was ultimately continued until November 2016. In October 2016, the commissioner entered an order finding Pistrak in contempt for failing to pay temporary maintenance. The commissioner reaffirmed the reservation of the July maintenance for the trial judge and entered a $6,000 judgment against Pistrak for unpaid maintenance between August 2016 and October 2016. The commissioner reserved review of the contempt order for the trial judge.

Trial started on November 7, 2016. At trial, Pistrak again challenged the temporary maintenance.

> [W]hen there was a hearing in July, [the commissioner] . . . ordered that all the maintenance money could be—or should be relitigated or reconsidered at trial. So my request to the court is to reconsider the maintenance issue in such a way that I do not owe her any maintenance starting from the time of that hearing in July. The reason for that being that Golubeva is a healthy person. She has a work authorization. And . . . as she told us . . . her new job is in the same profession as before. And she, in fact, even has been promoted. . . . And also the fact is that I already had paid enough, a lot, under the temporary maintenance order. I already paid $18,000. That should be perfectly sufficient.
>
> Also, I would like to draw the court's attention to the fact that the reason she was awarded maintenance in the first place was her immigration status. So, that's why I'm asking that the court not award any future maintenance from now on, neither retroactively.[1]

On November 18, 2017, when the court entered the decree and findings, the court awarded Golubeva $8,000 for unpaid maintenance between July 2016 and October 2016.

> The wife was unable to work because of visa limitations until just before trial. She became eligible, and immediately employed. During the time she was ineligible, from the date of separation until trial, the wife had extreme need for maintenance, and the husband had the ability to pay. . . . The wife no longer has the need for maintenance, but the temporary maintenance is confirmed, and will be made a judgment to the extent the husband has not paid (he has not paid any maintenance for the past four months, in violation of the court's orders).[2]

Golubeva offers two preservation arguments, but they are not persuasive.

First, Golubeva claims Pistrak's arguments before this court rely on documents

---

[1] Report of Proceedings (RP) (Nov. 10, 2016) at 509-10.

[2] Clerk's Papers (CP) at 3271.

4

that were filed in the case but not admitted at trial. But the trial court was aware of the filings related to the temporary maintenance order when it ruled on Pistrak's multiple motions to revoke and modify the commissioner's orders. And during the trial, the court indicated that documents filed in the case did not need to be admitted as exhibits.[3]

Second, Golubeva contends, "Having failed to challenge the Temporary Order at trial or to appeal it, Pistrak cannot challenge his duty to pay temporary maintenance."[4] But under RAP 2.4, "an appeal from the final judgment brings up for review most orders and rulings made pretrial and during trial."[5] And on November 4, 2016, when the trial court denied Pistrak's last motion for revision of the temporary maintenance order, the court stated the denial "does not preclude Mr. Pistrak from arguing at trial the appropriate amount or duration of maintenance."[6] And as previously discussed, Pistrak did challenge the temporary maintenance order at trial.

We conclude Pistrak has preserved his arguments concerning temporary maintenance.

---

[3] See RP (Nov. 7, 2016) at 108 ("[T]he financial declaration is already filed in the court file. [T]here's no need to admit it as an exhibit. So, I won't admit it, but you could certainly refer to it and utilize it."); see also RAP 9.1 ("The 'record on review' may consistent of . . . 'clerk's papers' . . . . The clerk's papers include the pleadings, orders, and other papers filed with the clerk of the trial court.").

[4] Resp't's Br. at 14.

[5] Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 259, 884 P.2d 13 (1994).

[6] CP at 1964.

As to the merits of the temporary maintenance, Pistrak claims the trial court abused its discretion because it did not consider all the statutory factors under RCW 26.09.090 when entering judgment for the previously unpaid temporary maintenance.

"We review a trial court's award of maintenance for abuse of discretion."[7] "Trial court decisions in a dissolution action will seldom be changed upon appeal—the spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court."[8] The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.[9]

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.[10]

An award of temporary maintenance is governed by RCW 26.09.060, which provides, "The court may issue . . . an order for temporary maintenance or support in such amounts and on such terms as are just and proper in the circumstances."[11]

---

[7] In re Marriage of Valente, 179 Wn. App. 817, 822, 320 P.3d 115 (2014) (quoting In re Marriage of Mueller, 140 Wn. App. 498, 510, 167 P.3d 568 (2007)).

[8] In re Marriage of Bowen, 168 Wn. App. 581, 586, 279 P.3d 885 (2012) (quoting In re Marriage of Landry, 103 Wn. 2d 807, 809-10, 699 P.2d 214 (1985)).

[9] Id.

[10] In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

[11] RCW 26.09.060(6).

RCW 26.09.090 addresses an award of maintenance after the court dissolves the marriage.

> (1) . . . The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to misconduct, after considering all relevant factors including but not limited to:
>
> (a) The financial resources of the party seeking maintenance . . . ;
>
> (b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find employment appropriate to his or her skills, interests, style of life, and other attendant circumstances;
>
> (c) The standard of living established during the marriage or domestic partnership;
>
> (d) The duration of the marriage or domestic partnership;
>
> (e) The age, physical and emotion condition, and financial obligations of the spouse or domestic partner seeking maintenance; and
>
> (f) The ability of the spouse or domestic partner from whom maintenance is sought to meet his or her needs and financial obligations while meeting those of the spouse or domestic partner seeking maintenance.

Pistrak provides no authority that a temporary maintenance award requires findings as to each of the statutory factors governing post-decree maintenance. Golubeva contends the court properly applied the temporary maintenance statute. "While temporary maintenance is certainly not based upon the question of whether maintenance will be continued past the entry of the decree, temporary

maintenance cannot be adjudged in a vacuum without reference to post-decree maintenance factors."[12]

Although Pistrak is correct that the trial court should look to the factors under RCW 26.09.090, he fails to point to any specific factors or material evidence the court improperly disregarded.

Pistrak claims the trial court improperly considered Golubeva's visa work limitations. But Golubeva's visa limitations relate to the "financial resources of the party seeking maintenance" under RCW 26.09.090(1)(a). As presented to the trial court, Golubeva's visa limitations inhibited her ability to work, which in turn affected her financial resources. This is reflected in the trial court's finding that Golubeva "no longer has the need for maintenance,"[13] because the visa limitations ended and she found employment.

Pistrak also argues substantial evidence did not support the trial court's finding of his ability to pay.

When reviewing findings of fact made by a trial judge, we apply the substantial evidence standard.[14] "'Substantial evidence exists if the record contains evidence of a sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'"[15]

---

[12] 19 SCOTT J. HORENSTEIN, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 26.2 at 656 (2nd ed. 2017).

[13] CP at 3271.

[14] In re Marriage of Rockwell, 141 Wn. App. 235, 242, 170 P.3d 572 (2007).

[15] Id. (quoting In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002)).

In the findings of fact and conclusions of law, the trial court found Pistrak had the ability to pay.[16] Pistrak argues the trial court "focus[ed] on the husband's gross yearly income without a fair consideration of the money actually available to him."[17] But the record before this court indicates that the trial court was well aware of the parties' financial situation. The trial court had Pistrak's pay stubs for May 2016 through September 2016, which indicated he was earning $135,000 per year.

During trial, Pistrak testified that his credit card debt was around $35,000. Pistrak's testimony is supported by his December 2016 credit card statement, which shows his balance was $35,869.31. But the trial court also had Pistrak's credit card statements for June 2016 through October 2016, and those statements show that prior to December 2016, Pistrak's debt was much lower and he was making significant payments on the card.[18]

We conclude substantial evidence supports the trial court's finding of Pistrak's ability to pay, and the trial court did not abuse its discretion when it entered judgment for the unpaid temporary maintenance.

---

[16] CP at 3271 ("The husband makes $135,000 per year. He claims throughout the pretrial hearings on temporary maintenance, and during trial, that he is unable to pay the modest $2,000 in maintenance were not supported by the evidence.").

[17] Appellant's Br. at 14.

[18] In May 2016, Pistrak's credit card balance was $2,824.63 and he made a payment of $3,500. In June 2016, Pistrak's balance was $1,396.56 and he made a payment of $7,899.57. In July 2016, Pistrak's balance was $15,759.17 and he made a payment of $15,506.82. In August 2016, Pistrak's balance was $9,247.58 and he made a payment of $14,151.11. And in September 2016, Pistrak's balance was $21,389.96 and he made a payment of $2,949.99.

## II. Attorney Fees

Pistrak contends the trial court failed to enter sufficient findings and conclusions to support its award of fees to Golubeva.

We review a trial court's determination of reasonableness of attorney fees for abuse of discretion.[19] To determine a reasonable attorney fee, the court "begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[20] The court must also segregate and "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."[21]

The party requesting the fee must provide reasonable documentation of the work performed.[22] But the court must conduct an independent "evaluation of the reasonableness of the fees" and cannot simply rely on the billing records and pleadings of the prevailing party.[23] "[M]eaningful findings and conclusions must be entered to explain an award of attorney fees."[24] "The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[25]

---

[19] Berryman v. Metcalf, 177 Wn. App. 644, 656-57, 312 P.3d 745 (2013).

[20] Id. at 660.

[21] Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 192 (1983).

[22] 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 734, 281 P.3d 693 (2012).

[23] Berryman, 177 Wn. App. at 677-78.

[24] Id.

[25] Id. at 658.

The declaration provided by Golubeva's counsel provided an adequate basis for a lodestar determination; notably, a description of counsel's qualifications, experience, and background, a description of the services provided, and the basis for the claimed hourly rate. The declaration also provided sufficient context to analyze other factors, including the complexity of the matter, the intransigence of Pistrak, and the history of previously awarded but unpaid fees.

But the court did not enter adequate findings. It awarded $20,000, stating:

> Petitioner incurred fees and costs, and needs help to pay those fees and costs. The other spouse has the ability to help pay fees and costs and should be ordered to pay the amount as listed in the final order. The court finds that this amount of $20,000 ordered is reasonable. The petitioner requested in excess of $33,000 in attorney's fees. This should have been a very straight forward case. The parties were married for only eight months, there are no children of the marriage, and the only real asset was the house. Some, but not all, of the fees incurred by the petitioner were caused by the intransigence of the respondent. In addition, he has an ability to pay, and the petitioner has the need for fees.[26]

There are no specific findings supporting the time incurred or the hourly rate charged. We conclude the court's findings are insufficient to allow meaningful review and the appropriate remedy is a remand on the existing record for entry of findings and conclusions of law to support the attorney fee award.[27]

---

[26] CP at 3271.

[27] Berryman, 177 Wn. App. at 659 ("Normally, a fee award that is unsupported by an adequate record will be remanded for entry of proper findings of fact and conclusions of law that explain the basis for the award.").

### III. Interpreter

Pistrak challenges the trial court's finding concerning his need for an interpreter.

At the end of trial, the court scheduled a final hearing on November 18, 2016 to issue its oral ruling. At the hearing, Pistrak appeared telephonically and indicated he did not understand the proceeding because there was no translator present. The court addressed two exhibits which were discussed during trial but not admitted "because we were waiting for the official copies."[28] At the hearing on November 18, 2016, the court admitted the official records in place of the photocopies that were referenced during trial. Pistrak again indicated that he did not understand and that he was unable to participate. The court ended the hearing because "Mr. Pistrak doesn't understand what's going on, so I'm going to get off the bench and enter this in writing."[29]

In the findings of fact and conclusions of law, the court stated:

> The court started to express these findings orally, in open court, this date, with the petitioner and her attorney present in court, and with Mr. Pistrak participating by telephone, as suggested by the court when Mr. Pistrak asked to be excused from the hearing. He demonstrated during many hearings, and during trial, that his English was excellent. Nonetheless, at his request the court provided Russian interpreters during the trial. As Mr. Pistrak's participation at today's hearing was uncertain, there was no Russian interpreters present. *Mr. Pistrak claimed he did not understand even the basic preliminary comments by the court. The court did not find this credible, but determined it was appropriate to end the hearing and to simply enter the findings and decree in writing.*[30]

---

[28] RP (Nov. 18, 2016) at 525.

[29] Id. at 526.

[30] CP at 3273 (emphasis added).

12

Pistrak now seeks to reverse this finding, arguing he had a right to an interpreter.[31] But he misinterprets the court's specific finding. The court did not reach the underlying question of whether Pistrak needed an interpreter. Rather the court's specific finding is that it did not find it credible that Pistrak was unable to understand even the basic preliminary comments by the court.

In his narrow assignment of error, Pistrak contends "the trial Court erred in not providing an interpreter to husband during the ruling on the case on November 18, 2016." But Pistrak fails to provide any basis for relief on appeal given the fact that after the ministerial act of substituting official records for photocopies, the court ended the hearing. The lack of an interpreter at the November 18, 2016 hearing did not prejudice Pistrak when the court terminated that hearing on his objection.

We deny Pistrak's request to reverse the trial court's finding.

IV. Fees on Appeal

Golubeva requests fees on appeal under RCW 26.09.140 and based on Pistrak's intransigence.

RCW 26.09.140 allows for an award of fees on appeal based on the financial resources of the parties to a dissolution action. Golubeva's declaration establishes her need and Pistrak's ability to pay. Because the statute supports an

---

[31] In his opening brief, Pistrak also seeks to strike the exhibits from the trial record. In his reply brief, Pistrak claims it is not his goal "in appealing the absence of interpreter [ ] to exclude certain exhibits." Reply Br. at 14.

award of fees, we need not consider Golubeva's alternative theory of intransigence on appeal.

We grant Golubeva's request for fees on appeal upon her compliance with RAP 18.1(d).

Therefore, we affirm the award of $8,000 for unpaid temporary maintenance. As to the award of attorney fees in the trial court, we remand for further proceedings on the existing record consistent with this opinion.[32]

WE CONCUR:

_Appelwick_

_Becker, J._

---

[32] Consistent with the commissioner's April 16, 2018 ruling, we deny the parties' reciprocal motions to strike, Pistrak's motion to take judicial notice, and Golubeva's request for sanctions. As to Pistrak's July 2, 2018 motion to take judicial notice, he failed to assign error to the findings he asks us to amend, and these findings are not germane to this appeal.