# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 80133-3-I |
| JOAN M. FURLONG, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| and | |
| JOSEPH I. LEE, | |
| Respondent. | |

LEACH, J. — Joan Furlong appeals the trial court's property distribution and maintenance orders in this marriage dissolution case. But, her briefing deficiencies and failure to provide an adequate record largely preclude appellate review. Because she does not otherwise show the trial court abused its discretion, we affirm.

## FACTS[1]

Joan Furlong and Joseph Lee married in April 1990 and separated in June 2016. Lee filed for dissolution in Grant County Superior Court. The Grant County court entered several temporary orders including an award of spousal maintenance to Furlong. In May 2017, the Grant County court found that Furlong fraudulently obtained several prior orders by misrepresenting her ability to work as a retiree and failing to disclose income in excess

---

[1] The facts in this opinion come from the trial court's written and oral findings. Furlong does not challenge these findings. We treat unchallenged findings of fact as true on appeal. In re Marriage of Fiorito, 112 Wn. App. 657, 665, 50 P.3d 298 (2002).

Citations and pin cites are based on the Westlaw online version of the cited material.

of $40,000. As a result of this fraud, the Grant County court vacated some of its prior orders and reduced Furlong's maintenance award.

In April 2018, the Grant County court transferred venue to King County Superior Court. The King County court granted Furlong's motion to modify the prior temporary orders and increased her maintenance award. Furlong obtained this increase by not disclosing all of her income and depositing money into an account under a different name. After Lee became aware of her actions, Furlong agreed to vacate the modified order and return $8,300 in overpaid maintenance to Lee.

After a two and a half day trial in March 2019, the trial court made a comprehensive oral ruling. In May 2019, the trial court entered final orders and written findings that incorporated its oral ruling by reference. The trial court denied Furlong's motion for reconsideration but entered amended findings and final orders to clarify some inconsistencies with its initial orders. Ultimately, the trial court awarded Furlong 70 percent of the proceeds from the future sale of the parties' Seattle condominium, awarded Lee all of the parties' interest in an Eastern Washington home, and gave each party a 50 percent share of Lee's PERS2 pension. The trial court declined to award spousal maintenance. It also rejected Furlong's request to allocate $52,000 in post dissolution loan debt as community property. Furlong failed to produce complete banking and credit card records, so the trial court was "unable to make a reliable determination with regard to whether there really was a need for these debts to be incurred."

Furlong appeals pro se.

ANALYSIS

Initially, we address Lee's contention that Furlong's appeal should be dismissed for failing to comply with RAP 10.3.[2]

A pro se litigant is bound by the same rules of procedure and substantive law as an attorney.[3] Failure to do so may preclude review.[4] We generally will not consider arguments that are unsupported by pertinent legal authority, references to the record, or meaningful analysis.[5] An appellant also bears the burden of providing a sufficient record to review the issues raised on appeal.[6]

With few exceptions, Furlong fails to comply with these requirements. She does not list any assignments of error. Instead, Furlong identifies 10 "issues pertaining to assignments of error" but does not refer to a particular paragraph or section of the orders in the record. Furlong provides only six citations to the record to support 11 pages of factual assertions.[7] Her four page argument section does not mention several of the issues presented and fails to present any meaningful legal analysis for issues she does identify.[8] Most importantly, by not designating any of the 83 trial exhibits for review,

---

[2] We decline Lee's request to sanction Furlong for filing her appellate briefs untimely.

[3] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[4] Olson, 69 Wn. App. at 626.

[5] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989); RAP 10.3(a).

[6] In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988); RAP 9.2.

[7] RAP 10.3(a)(5).

[8] RAP 10.3(a)(6).

Furlong fails to provide a sufficient record to enable our consideration of her appeal.[9] Without the trial exhibits, we cannot fully appreciate the evidence before the court or discern whether substantial evidence supports the court's findings.

With these limitations in mind, to the extent possible, we address the essence of Furlong's claim on appeal. Furlong claims the trial court's "overall property division" and failure to award maintenance was unfair.

We review the trial court's division of property and debt in a dissolution proceeding and a spousal maintenance award for a manifest abuse of discretion.[10] A manifest abuse of discretion occurs when the trial court exercised its discretion based on untenable grounds or reasons or if the dissolution decree "results in a patent disparity in the parties' economic circumstances."[11] A reviewing court should affirm the trial court's decision "unless no reasonable judge would have reached the same conclusion."[12] "[T]rial court decisions in a dissolution action will seldom be changed upon appeal."[13]

Distribution of Property

RCW 26.09.080 authorizes trial courts to dispose of marital property in whatever manner "shall appear just and equitable after considering all relevant factors." Relevant factors include the nature and extent of the community and separate property, the duration of the marriage, and the economic circumstances of the parties.[14] The trial court

---

[9] After this opinion was circulated and signed, the respondent caused trial exhibits to be filed.
[10] In re Marriage of Valente, 179 Wn. App. 817, 822, 831 320 P.3d 115 (2014).
[11] In re Marriage of Rockwell, 141 Wn. App. 235, 243, 170 P.3d 572 (2007).
[12] In re Marriage of Landry, 103 Wn.2d 807, 809-10, 699 P.2d 214 (1985).
[13] Landry, 103 Wn.2d at 809.
[14] RCW 26.09.080; Matter of Marriage of Rink, 18 Wn. App. 549, 553, 571 P.2d 210 (1977).

is in the best position to determine what is fair and equitable and has broad discretion in distributing the property in dissolution proceedings.[15]

Again, Furlong's failure to provide the complete record or properly support her argument with citations to the record and to legal authority precludes our review of her claim.  Here, after weighing the RCW 26.09.080 factors, the trial court split the parties' assets and debts equally, distributing approximately $219,000 in assets to Furlong and the same amount to Lee.  The trial court found this distribution of property fair, just, and equitable.  Furlong fails to demonstrate any abuse of discretion.

Maintenance

Spousal maintenance is not an inherent right.[16]  RCW 26.09.090 requires the trial court to consider several factors in making a maintenance award in a dissolution case.[17] The trial court considered such factors in declining to award maintenance to Furlong, finding:

> This is a marriage later in life where the major earning years for both parties has passed.  Neither party needs time to develop skills or pursue education to become employable.  In lieu of maintenance, the Court has awarded 70% of the proceeds from the parties' condominium to [Furlong].

We conclude these findings adequately support the trial court's determination that no maintenance be awarded to Furlong.  This was not an abuse of discretion.

---

[15] In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999).

[16] In re Marriage of Mueller, 140 Wn. App. 498, 510, 157 P.3d 568 (2007).

[17] These factors include but are not limited to: (a) the financial resources of the party requesting the maintenance; (b) the time necessary to acquire sufficient skill and education to find appropriate employment; (c) the standard of living during the marriage; (d) the duration of the marriage; (e) the age, physical, emotional condition, and financial obligations of the spouse requesting maintenance; and (f) the ability of the spouse from whom maintenance is sought to meet his or her needs and financial obligations while meeting those of the spouse seeking maintenance.

## CONCLUSION

For the reasons stated, and because Furlong has not shown any abuse of the trial court's discretion, we affirm the trial court's dissolution orders.

_Leach, J._

WE CONCUR:

_Chun, J._