# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

ANDREW T. BRANDT,

Respondent,

v.

LINDSEY K. BRANDT,

Appellant.

No. 81924-1-I
(consolidated with No. 82220-9-I)

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Upon their marital dissolution, the trial court ordered the Brandts to file a joint federal tax return for 2019. Lindsey refused and now appeals the court's original order and subsequent order on enforcement. We affirm.

## FACTS

Andrew and Lindsey Brandt[1] married in December 2012 and had two children. They separated on January 27, 2019. Andrew petitioned for dissolution in March 2019.

In May 2020, Andrew and Lindsey signed a CR 2A partial settlement agreement that divided the property and debt between them. Both parties intended the CR 2A agreement to be "fully binding and enforceable." As part of the agreement, the CR 2A contained a hold harmless provision stating, "Each party

---

[1] For clarity, we refer to Lindsey Brandt and Andrew Brandt by their first names. We intend no disrespect.

shall hold the other party harmless regarding any debts assigned to a party in this agreement."

Andrew and Lindsey went to trial to determine child support, maintenance, and the parenting plan. At trial, Andrew requested the court order the parties to file their federal tax returns as "married filing jointly." He testified that the difference between the tax burden for "married filing separately" and "married filing jointly" was approximately $50,000. Andrew agreed that he would pay all taxes and costs associated with the federal tax filing. There would be no cost to Lindsey. Lindsey raised several concerns about her potential tax liability and impact on her financial situation, but failed to submit evidence in support of these issues.

The court told the parties that from the admitted evidence "it appears that the request from Mr. Brandt will save a significant amount of money at least as I understand the testimony." The trial court decided to adopt Andrew's request as "that is just simply in all fairness what should happen." In its findings of fact, the trial court included "based on the evidence presented that Married Filing Jointly will benefit the family for the filing of federal 2019 income taxes." The court entered the final decree of dissolution on September 2, 2020, establishing financial support, the parenting plan, and incorporating the terms of the CR 2A for property and debt distribution. The court also reserved jurisdiction over the tax filing issue.

Lindsey filed motions for reconsideration of the trial court's decisions, including the tax filing. Her motions were denied. Lindsey also filed a notice of appeal for the decree of dissolution, findings of fact and conclusions of law, final child support order, and final parenting plan.

While the appeal was pending, Lindsey told Andrew she would not file a joint tax return. Instead, she wanted to file both tax fraud and innocent spouse documents.[2] Andrew filed his tax return separately, amounting to $103,890 tax owed, rather than $60,899, the amount if the parties had filed jointly.

In November 2020, Andrew brought a motion to enforce the court's decision on the tax issue. He requested the court order Lindsey to amend her federal tax return to file jointly with him and fine her $50 per day if she failed to comply. In the alternative, Andrew asked the court to order Lindsey to reimburse the additional taxes he would incur from filing separately.

The trial court found that Lindsey had "in bad faith willfully refused to file a joint tax return with Andrew Brandt and the court further finds [Lindsey] engaged in abusive use of conflict as well." Additionally, the trial court determined that the hold harmless clause of the CR 2A applied and Lindsey caused Andrew to incur $42,991 in additional tax liability. The court granted Andrew's motion to enforce the tax issue, ordering Lindsey to amend her federal tax return to file jointly with Andrew within 30 days. After those 30 days, the court would fine Lindsey $50 per day for each day she failed to file jointly. Lindsey was also responsible for all penalties and fees incurred as a result of the failure to file in compliance with the previous order. The court awarded $2,000 in attorney fees to Andrew and set a review hearing to assess compliance.

---

[2] The "innocent spouse" provision relieves the unknowing spouse of joint and several liability for jointly filed taxes when there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse. Bliss v. Comm'r, 59 F.3d 374, 377-38 (2d Cir. 1995).

Lindsey filed a notice of appeal of the court's order to enforce the tax issue. The two appeals were consolidated. Lindsey raises only issues pertaining to the tax filing.

DISCUSSION

Lindsey disputes the trial court's order to file federal taxes jointly which would reduce Andrew's tax burden by $42,991.

A trial court's decisions in dissolution are seldom changed on appeal. In re Marriage of Landry, 103 Wn.2d 807, 809, 699 P.2d 214 (1985). "The emotional and financial interests affected by such decisions are best served by finality." Id. The party challenging a decision bears the heavy burden of showing a manifest abuse of discretion. Id. We will affirm the trial court's decision unless no reasonable judge would have reached the same conclusion. Id. at 809-10.

Lindsey argues the trial court's final divorce order and the order to enforce the tax provisions violates federal law because she and Andrew were not married in 2019 for federal tax purposes. She is incorrect.

Under federal tax law, "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." 26 USC 6013(d)(2). Domestic issues, such as issuance of a decree of divorce or of separate maintenance, are matters of state law, not federal. See In re Marriage of Peacock, 54 Wn. App. 12, 14-15, 771 P.2d 767 (1989). In Washington, "[a] decree of dissolution of marriage or domestic partnership, legal separation, or declaration of invalidity is final when entered." RCW 26.09.150(1).

4

Here, the trial court entered the final decree of dissolution on September 2, 2020. While the findings of fact and conclusions of law identify Lindsey and Andrew's date of separation as January 27, 2019, the record contains no evidence of a petition for legal separation or decree of legal separation entered by the court. Andrew and Lindsey did not have "a decree of divorce or of separate maintenance," until September 2020. 26 USC 6013(d)(2). They were properly considered married for the 2019 federal tax filing. The trial court's order to file jointly was not an abuse of discretion.

Lindsey argues that a state court does not have the authority to determine her federal tax filing status, citing Leftwich v. Leftwich, 442 A.2d 139 (D.C. 1982). In Leftwich, the District of Columbia Court of Appeals[3] concluded that allowing a trial court to order joint filing "would nullify the right of election conferred upon married taxpayers by the Internal Revenue Code." Id. at 145. It held that rather than requiring a joint filing to remedy a tax disadvantage, the court should have considered a different disposition of the marital property. Id. at 146. It reasoned that the trial court should have chosen "the least intrusive option." Id. at 145.

First, we note that Leftwich was decided by the equivalent of a state supreme court and therefore has no binding authority on this court. Additionally, the trial court had no "less intrusive" means of distributing the tax burden by changing the allocation of property between Lindsey and Andrew. The property division was governed by the binding CR 2A agreement.

---

[3] The District of Columbia Court of Appeals is the highest court in the District of Columbia, equivalent to a state supreme court.

Lindsey fails to cite to Washington authority in support of her claim that the trial court could not determine federal tax status.[4]  Washington law requires trial courts to "make provision for the allocation of the children as federal tax exemptions."  RCW 26.09.050(1).  In reviewing a trial court's decision on the child tax exemption, we noted, "the federal tax provision does not preclude state involvement in this area.  To conclude otherwise would be to allow federal tax policy to determine domestic relations issues in which the states have particular interest."  Peacock, 54 Wn. App. at 16.  The State's interest in family law matters is great, and the trial court's discretion in dissolution proceedings is broad.  The court's order to file jointly was not an abuse of discretion.

Lindsey also contends the trial court improperly altered the terms of the CR 2A agreement.  According to Lindsey, "the parties already had a legally binding agreement to separate their 'indebtedness'" and forcing her to take on additional tax liability would be modifying the terms of the agreement.  But, the CR 2A agreement makes no mention of federal tax liability and does not apportion the parties' tax burden.  Therefore, the trial court's ruling does not alter the agreement.  Moreover, the trial court's order to file jointly has no impact on Lindsey's tax liability.  Andrew agreed to pay the entire tax bill and all fees and costs associated with filing.  The dissolution decree ordered that Andrew "shall pay for the [certified public accountant] to prepare the federal income tax return and shall pay the

---

[4] "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'" City of Seattle v. Levesque, 12 Wn. App. 2d 687, 697, 460 P.3d 205 (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)), review denied, 195 Wn.2d 1031, 468 P.3d 621 (2020).

anticipated tax due and owing for 2019." Lindsey will incur no new debt as a result of filing a joint tax return.

Finally, Lindsey claims the court failed to provide reasons that joint tax filing was better than separate filings. The trial court reviewed the evidence submitted and found that "Married Filing Jointly will benefit the family for the filing of federal 2019 income taxes." Lindsey does not assign error to that finding and it is a verity on appeal. See In re Estate of Little, 9 Wn. App. 2d 262, 274-75, 444 P.3d 23 (2019) ("Unchallenged findings of fact are verities on appeal."). Moreover, Lindsey failed to submit evidence in support of her claims that the joint tax filing would adversely impact her.

Andrew requests fees on appeal based on Lindsey's intransigence and bad faith. A party's intransigence can result in award of attorney fees at trial and on appeal. In re Marriage of Mattson, 95 Wn. App. 592, 605-06, 976 P.2d 157 (1999). Due to Lindsey's continued refusal to comply with the trial court's order and the filing of this meritless appeal, we grant Andrew's request for attorney fees on appeal.

Affirmed.

_Appelwick, J._

WE CONCUR:

_Brennan, J_          _Chun, J._

7