IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 40669-5-III |
| | ) | |
| MELISSA CAROL FIECHTNER, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| LARRY LEE FIECHTNER, | ) | |
| | ) | |
| Appellant. | ) | |

HILL, J. — In a final divorce order between Melissa and Larry Fiechtner, the court relied on Ms. Fiechtner's appraisal when it valued the family home. Mr. Fiechtner appeals, arguing the appraisal was inaccurate. Mr. Fiechtner also asserts that the trial court violated several local rules and state statutes, as well as his federal and state constitutional rights. We conclude the trial court's valuation of the property is supported by substantial evidence. Mr. Fiechtner fails to adequately support his remaining arguments. We affirm.

BACKGROUND

After nearly 30 years of marriage, Carol Fiechtner filed a "Petition for Divorce" against her husband, Larry Fiechtner.  Ex. R-102.  In September 2023, the Spokane County Superior Court held a pro forma trial in which Mr. Fiechtner did not appear.  The court entered a divorce order but subsequently granted Mr. Fiechtner's motion to vacate section 7 pertaining to real property, section 11 pertaining to debt, and section 14 pertaining to fees and costs.

The parties, appearing pro se, agreed to an informal trial on the outstanding issues. The primary issue was the value of the home.  Both parties testified and submitted exhibits.  Ms. Fiechtner offered two appraisal reports, one from November 2022 and one from April 2024.  The 2022 report valued the home at $410,000, and the 2024 report valued the home at $340,000.  Mr. Fiechtner's evidence included a spreadsheet depicting the costs for what he believed to be necessary repairs, photos of potential damage to the home, comparable listings for the home on Zillow, and estimates for various improvements that needed to be made to the home prior to a sale.

At the conclusion of the trial, the court found the 2024 appraisal was the most reliable evidence of the value of the home and noted Mr. Fiechtner did not present his own appraisal.  The court valued the home at $340,000 consistent with the 2024

appraisal. The trial court awarded the home to Mr. Fiechtner, requiring him to remove Ms. Fiechtner's name from the housing documents, and pay her 65 percent of the home's equity within 60 days. If Mr. Fiechtner failed to meet these obligations, the property would be placed on the market for sale. The court divided the other property and any debt between the parties. The trial court required each party to pay their own fees and costs.

Mr. Fiechtner appeals. He argues the trial court erred by relying on the 2024 appraisal and further alleges that the trial court violated several local rules and state statutes, as well as his federal and state constitutional rights.

ANALYSIS

*Home Valuation*

A trial court's division of property in dissolution proceedings will not be disturbed unless the spouse challenging the decision demonstrates a manifest abuse of discretion. *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005); *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985). We review the trial court's factual findings supporting the property division for substantial evidence. *Goodman v. Darden, Doman & Stafford Assocs.*, 100 Wn.2d 476, 483, 670 P.2d 648 (1983). Property valuation is a factual issue. *In re Marriage of Porter*, 3 Wn.3d 579, 588, 555 P.3d 379

(2024).

Mr. Fiechtner contends that the trial court erred by relying on the 2024 appraisal despite overwhelming errors and conflicting evidence, particularly as to the condition of the home. We disagree. An appraisal completed by a professional constitutes substantial evidence for the purpose of valuing an asset in dissolution proceedings. *See In re Marriage of Gillespie*, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997); *In re Marriage of Griswold*, 112 Wn. App. 333, 351, 48 P.3d 1018 (2002). When parties offer conflicting evidence of the valuation of an asset, the trial court may adopt the value asserted by either party or any value in between. *In re Marriage of Rockwell*, 141 Wn. App. 235, 250, 170 P.3d 572 (2007). Here, the trial court adopted the value of the most recent appraisal, which was conducted by a licensed appraiser.

While Mr. Fiechtner argues the appraisal contained errors and inadequately accounted for various improvements needed and repairs, the court found that the appraisal took these issues into account. The court also found Mr. Fiechtner's evidence unpersuasive, explaining that Mr. Fiechtner was not a per se expert in construction or real estate. Contrary to Mr. Fiechtner's assertions, the court examined all the evidence before finding the licensed appraiser more reliable and helpful in valuing the home compared to Mr. Fiechtner's opinions.

Mr. Fiechtner also assigns error to the trial court's failure to set off the costs for the improvements and repairs when valuing the home. However, the record shows the trial court found the appraisal accounted for these needed improvements and repairs in valuing the property. Mr. Fiechtner would not be penalized if he made the repairs before selling the home as such repairs would increase the home's value.

We therefore conclude that the trial court's valuation of the home is supported by substantial evidence.

*Other Assignments of Error*

Mr. Fiechtner also contends that the trial court violated local rules, state statutes, the Fifth and Fourteenth Amendments of the United States Constitution, and article I, section 3 of the Washington State Constitution. This contention seems to stem primarily from Mr. Fiechtner's objection to the court holding the earlier September 2023 trial in his absence.

We do not address these contentions for two reasons. First, the trial court vacated several provisions from the order associated with the September 2023 trial. These provisions relate to the distribution and valuation of property. Mr. Fiechtner had the opportunity to present evidence and argument on these issues during the subsequent informal trial, and it is these sections of the court's order that he challenges on appeal.

Second, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Issues presented without meaningful analysis need not be considered. *State v. Rafay*, 168 Wn. App. 734, 843, 285 P.3d 83 (2012); *Norcon Builders v. GMP Homes*, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

While Mr. Fiechtner cites to the record, several court rules, statutes, and constitutional provisions, he presents only conclusory statements and no citation to case law in support of his arguments.

*Attorney Fees and Costs*[1]

Ms. Fiechtner requests that we award her costs on appeal. RAP 18.1(b) requires that the party requesting fees or expenses to devote a section of its opening brief to the issue. The rule requires the moving party to include argument and citation to authority demonstrating the grounds for an award of attorney fees and costs; the request must go beyond merely a bald request for fees on appeal. *Osborne v. Seymour*, 164 Wn. App. 820, 866, 265 P.3d 917 (2011). This rule is mandatory. *Id.* Ms. Fiechtner's request for costs does not comply with these rules; therefore, we deny her request.

---

[1] Ms. Fiechtner also appears to assign error to the trial court's refusal to award attorney fees under RCW 26.09.140. She fails to include any argument on this issue in her brief; therefore, we decline to consider it. *See* RAP 10.3(a)(6).

No. 40669-5-III
*In re Marriage of Fiechtner*

CONCLUSION

Mr. Fiechtner fails to demonstrate error by the trial court. Accordingly, we affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.                               Cooney, J.

7